United States Courts
Southern District of Texas
FILED
*06/16/2025*
Nathan Ochsner, Clerk of Court

# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF TEXAS

**DEBORAH SWAN,**
Plaintiff,

v.

**DEPUTY W. SHIELDS, Individually and in his Official Capacity,**

Defendant.

---

## PLAINTIFF'S ORIGINAL PETITION AND BENCH TRIAL DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Deborah Swan ("Plaintiff"), filing this Original Petition and complaining of Defendant Deputy W. Shields ("Defendant"), Individually and in his Official Capacity as Deputy of Montgomery County Constable Precinct 3, and in support thereof respectfully shows the Court as follows:6

## DISCOVERY CONTROL PLAN

1. Plaintiff intends that discovery be conducted under Level 2 of the Texas Rules of Civil Procedure.

### RULE $& STATEMENT

1

2.      Plaintiff seeks monetary relief in excess of the minimum limits of this Court

## PARTIES

3.      Plaintiff, Deborah Swan, is an individual residing in Montgomery County, Texas.

4.      Defendant, Deputy W. Shields, is an individual who may be served with process at his place of employment at the Montgomery County Constable Precinct 3 Office or at another address to be determined through discovery.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this case because the amount in controversy exceeds the minimum jurisdictional limits of the Court. Venue is proper in Montgomery County because all or a substantial part of the events or omissions giving rise to the claims occurred in Montgomery County, Texas.

## FACTUAL BACKGROUND

6.      Plaintiff attempted to report cyberstalking and unauthorized access to her private email communications in early 2024. Following this report Defendant engaged in a pattern of retaliatory misconduct against Plaintiff, including:

        A.      Falsely classifying Plaintiff as a "10-96" mental health subject without ever speaking or interacting with the Plaintiff,  along with the fact that

Plaintiff has never had any mental health history or any incidents that fall into the category of a code 1096.

B.    Fabricated false internal law enforcement records to reflect false criminal allegations where none existed;

C.    Falsely attributing his involvement to the independent report exclusively authored by Deputy Harry Holman, who was the sole responding officer to the June 7, 2024, welfare check, despite Holman being the only individual present at the scene

D.    Fraudulently mischaracterizing the welfare check as a criminal investigation and mislead the Montgomery County Attorney and the Texas Attorney General;

E.    Submitted knowingly false fabricated records  to obstruct Plaintiff's open records request and falsely claimed an "ongoing criminal investigation" under the Texas Public Information Act;

F.    Unlawfully altered Plaintiff's official records, associating her with fabricated criminal allegations, and multiple, intentional false profiling a code 1096 with "political delusions" and causing significant reputational, emotional, and legal harm.

G.    The fabricated records, false designations, and fraudulent submissions have directly resulted in constitutional deprivations, including violations of due process, abuse of authority, fraud, tampering with government records, unlawful retaliation for protected activity, and defamation.

## CAUSES OF ACTION

### A. Violation of 42 U.S.C. § 1983 - Deprivation of Civil Rights Under Color of Law

Defendant, acting under color of law, deprived Plaintiff of rights secured by the Constitution and laws of the United States, including her First, Fourth, and Fourteenth Amendment rights.

### B. Fraud and Fraudulent Misrepresentation

Defendant knowingly made false representations to governmental agencies and courts with the intent to injure Plaintiff, resulting in damages.

### C. Defamation and Defamation Per Se

Defendant's fabricated records falsely portrayed and documented Plaintiff as mentally unstable and as subject to a criminal investigation, thereby defaming her character and reputation.

### D. Abuse of Process

Defendant intentionally  used false fabricated records and false claims to abuse legal processes for an improper purpose.

### E. Official Oppression (Tex. Penal Code § 39.03)

Defendant, while acting under the color of his office, intentionally subjected Plaintiff to mistreatment and unlawful denial of rights.

### VI. DAMAGES

As a result of Defendant's actions, Plaintiff has suffered:

- Severe emotional distress and mental anguish;
- Harm to her reputation and standing in the community;
- Economic losses including legal expenses;
- Ongoing deprivation of rights and fear of future harassment.

Plaintiff seeks actual, consequential, exemplary, and punitive damages within the jurisdictional limits of the Court.

### CONDITIONS PRECEDENT

All conditions precedent to Plaintiff's claims have been performed or have occurred.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that

Defendant be cited to appear and answer, and that upon final trial, Plaintiff recover:

- Actual damages;
- Consequential and incidental damages;
- Punitive and exemplary damages;
- Pre-judgment and post-judgment interest as allowed by law;
- All costs associated with litigating this case
- Any and all other relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

Deborah Swan
1318 Chesterpoint Dr Spring Tx   77386
346-372-4344
justiceguard@proton.me