UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Deborah Swan, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.: 4:25-cv-2799 |
| | § | |
| Deputy W. Shields, individually and in his official capacity, | § | |
| | § | |
| *Defendants.* | § | |

### DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED

TO THE HONORABLE KEITH P. ELLISON:

      Defendants Deputy Shields in his individual and official capacities file their *Motions to Dismiss this Case for Failure to State a Claim upon which relief can be granted*, in lieu of filing an answer and show that they are immune from all causes of action.

### TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... 2

NATURE AND STAGE OF THE PROCEEDINGS ....................................................... 4

ISSUES PRESENTED ............................................................................................................ 4

SUMMARY ............................................................................................................................... 5

FACTS ........................................................................................................................................ 5

  Allegations entitled to be accepted as true for the purposes of this motion: ................... 5

MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ................................................................................................ 6

  Standard of Review: ............................................................................................................ 6

    *12(b)(6) Standard of review generally:* ........................................................................ 6

*The qualified immunity standard:* ...................................................................................... 7

Argument: ................................................................................................................................. 9

Issue 1: Swan's failure to allege the existence of any of the Monell factors is dispositive of her Constitutional claims against Deputy Shields in his official capacity. ...................................................................................... 9

Issue 2: Swan's allegation that Deputy Shields made false statements in a police report does not state a cognizable Constitutional claim because she does not have a Constitutional right to an accurate police report. ........................... 10

Issue 3: Deputy Shields in his individual and official capacities are immune from Swan's State law tort claims because the Texas Tort Claims Act does not waive immunity for the claims. ........................................................................ 12

*State law claims, generally:* ....................................................................... 12

*Abuse of Process:* ....................................................................................... 13

*Claims stemming from the Shield's statements in the police report:* ....................... 14

*Swan's official capacity claims are barred by immunity:* ........................................ 14

Issue 4: Swan failed to state a cognizable Official Oppression claim because the relied on penal statute does not provide a private cause of action. ............. 14

CONCLUSION ...................................................................................................................... 14

PRAYER ................................................................................................................................. 15

CERTIFICATE OF CONFERENCE .................................................................................... 15

CERTIFICATE OF SERVICE ............................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*Alexander v. Walker,* 435 S.W.3d 789 (Tex. 2014) ........................................................... 13

*Anderson v. Bessman,* 365 S.W.3d 119 (Tex.App.—Houston[1st Dist.], 2011, no pet.) .. 12

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed. 2d 868 (2009) ........................ 7

*Bell Atlantic Court v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007) 7

*Brown v. Glossip*, 878 F.2d 871 (5th Cir.1989) ................................................................. 7

*Campbell v. City of San Antonio*, 43 F.3d 973 (5th Cir.1996) ........................................... 6

*Cedra v. RJL Entertainment, Inc.,* 443 S.W.3d 221 (Tex.App.—Corpus Christi-Edinburg 2013, pet. denied) ................................................................................................. 14

*Colson v. Grohman,* 174 F.3d 498 (5th Cir.1999) ............................................................. 10

*Cunningham v. Castloo*, 983 F.3d 185 (5th Cir.2020) ........................................................ 9

*Elder v. Holloway,* 510 U.S. 510, 114 S.Ct. 1019, 127 L.Ed.2d 344 (1994) ...................... 7

*Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278 (5th Cir.1993) ........................... 6

*Franka v. Velasquez,* 332 S.W.3d 367 (Tex. 2011) ..................................................... 12, 13

*Frias v. Hernandez,* 2025 WL 1831589, --- F.4th --- (5th Cir.2025) ........................... 13, 14

*Geter v. Fortenbery*, 849 F.2d 1550 (5th Cir.1988) ........................................................... 8

*Jackson v. City of Beaumont Police Depart*., 958 F.2d 616 (5th Cir.1992) .................... 7, 8

*James v. Sadler,* 909 F.2d 834 (5th Cir.1990) ..................................................................... 8

*Jarett v. Twp. Of Bensalem,* 312 F.App'x 505 (3rd Cir.2009) (unpublished opinion) ..... 12

*Kentucky v. Graham,* 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) .................... 9

*Leatherman v. Tarrant County Narcotics Intel. & Coordination Unit*, 954 F.2d 1054 (5th Cir.1992) ................................................................................................................. 8

*Los Angeles County v. Humphries*, 562 U.S. 29, 131 S.Ct. 447 178 L.Ed.2d 460 (2010) 10

*Martinez v. Hardy*, 864 S.W.2d 767 (Tex.App.—Houston[14th], 1993, no writ) ............ 13

*Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) ........ 9

*Rhyne v. Henderson County,* 973 F.2d 386 (5th Cir.1992) ................................................. 9

*Rich v. Palko,* 920 F.3d 288 (5th Cir.2019) ...................................................................... 11

*Robinson v. Hunt Cty.*, 921 F.3d 440 (5th Cir.2019) ........................................................ 10

*Rolf v. City of San Antonio*, 77 F.3d 823 (5th Cir.1996) .................................................... 6

*Sierra Club v. Cedar Point Oil, Co.,* 73 F.3d 546 (5th Cir.1997) ...................................... 13

*Smith v. Patri,* 99 F.App'x 497 (5th Cir.2004) (unpublished opinion) (per curiam) ........ 12

*Thompson v. Clark,* 596 U.S. 36, 142 S.Ct. 1332, 212 L.Ed. 2d 382 (2022) ..................... 11

**Statutes**

Tex. Civ. Prac. & Rem. Code § 101.057 ................................................................. 14

Tex. Civ. Prac. & Rem. Code § 101.106 ................................................................. 12

Tex. Pen. Code § 39.03 ............................................................................................ 14

**Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................................................. 6

Fed. R. Civ. P. 8(a)(2) ............................................................................................... 7

**Constitutional Provisions**

U.S. Const. Amend. XIV, § 1 ................................................................................. 11

## NATURE AND STAGE OF THE PROCEEDINGS

This suit was filed on June 16, 2025. Deputy Shields was served on July 1, 2025. His answer is due July 22, 205. Defendants file this motion to dismiss all causes of action against them.

## ISSUES PRESENTED

**Issue 1:** Whether Swan pled a cognizable official capacity claim against Deputy Shields because she did not allege the existence of any of the *Monell* elements.

**Issue 2:** Whether Swan's allegation that Deputy Shields made false statements in a police report states a cognizable Constitutional claim considering she has no Constitutional right to an accurate police report.

**Issue 3:** Whether Deputy Swan in his individual and official capacities are immune from Swan's State law tort claims considering immunity is not waived for the claims by the Texas Tort Claims Act.

**Issue 4:** Whether Swan pleaded a cognizable Official Oppression claim considering the penal statute does not provide a private cause of action.

## SUMMARY

Swan's State and Constitutional claims stem from a police report prepared by Deputy Shields related to the June 7, 2024 welfare check on Swan. Swan alleges that, in the report, Shields falsely asserts that Swan has mental health problems. In addition, she alleges the report was improperly classified as a criminal report rather than a welfare check.

Swan's Constitutional claims fail because she does not have a clearly established Constitutional right to an accurate police report. Even if her allegations are true, Deputy Shields is entitled to qualified immunity from this suit.

Swan's claims against Deputy Shields in his official capacity are really claims against Montgomery County. In addition to failing to state a violation of her Constitutional rights, Swan's official capacity claims fail because she failed to plead any of the *Monell* elements.

Similarly, Deputy Shields and Montgomery County are immune from Swan's state law claims because the Texas Tort Claims Act does not waive immunity for the alleged torts.

## FACTS

**Allegations entitled to be accepted as true for the purposes of this motion:**

1. Swan "attempted to report cyberstalking and unauthorized access to her private email communication in early 2024." *Doc. 1 pg. 2 at ¶ 6.*

2. After her report, Deputy Shields identified her as a "a '10-96' mental health subject". *Doc. 1 pg. 2 at ¶ 6A.* He alleged that she suffered from "political delusions". *Doc. 1 pg. 2 at ¶ 6F.*

3. Swan was not given an opportunity to refute that she was a mental health subject. *Doc. 1 pg. 2 at ¶ 6A.*

4. Deputy Shields was not at the June 7, 2024 welfare check involving Swan. *Doc. 1 pg. 2 at ¶ 6C.*

5. Deputy Shields mischaracterized the welfare check as a criminal investigation for purposes of misleading the Montgomery County Attorney and Texas Attorney General in response to an open records request. *Doc. 1 pg. 2 at ¶ 6D-E.*

## MOTION TO DISMISS FOR
## FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

**Standard of Review:**

*12(b)(6) Standard of review generally:*

A motion to dismiss for failure to state a claim should be granted when the claimants fail to demonstrate they can prove any facts which would entitle them to relief. *Rolf v. City of San Antonio*, 77 F.3d 823, 827 (5th Cir.1996). The complaint must be liberally construed in the claimants' favor and all factual allegations taken as true. *Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir.1993). However, "[t]he court is not required to conjure up unpled allegations or construe elaborately arcane scripts to save the complaint." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir.1996). "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct,

the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed. 2d 868 (2009) (citing FED. R. CIV. P. 8(a)(2)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 679 (citing *Bell Atlantic Court v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007)). The Court may first determine which facts are entitled to the assumption of truth, and then consider whether those facts plausibly suggest an entitlement to relief. *Iqbal,* 556 U.S. at 680. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusion." *Id.* at 678. The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. (internal citations omitted).

### *The qualified immunity standard:*

The Supreme Court stated, "[t]he central purpose of affording public officials qualified immunity from suit is to protect them 'from undue interference with their duties and from potentially disabling threats of liability." *Elder v. Holloway,* 510 U.S. 510, 514, 114 S.Ct. 1019, 127 L.Ed.2d 344 (1994) (citation omitted).

Deputy Shields is entitled to raise immunity as a defense to Plaintiff's Section 1983 claims. *Brown v. Glossip*, 878 F.2d 871, 873-74 (5th Cir.1989) and *Jackson v. City of Beaumont Police Depart.*, 958 F.2d 616, 620 (5th Cir.1992). The Defendants available qualified immunity defense, raises the Plaintiff's pleading requirements. "One of the principal purposes of the qualified immunity doctrine is to shield officers not only from

liability, but also from defending against a lawsuit." *Jackson,* 958 F.2d *at* 620 (citing *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 954 F.2d 1054, 1057 (5th Cir.1992). "[Q]uestions regarding qualified immunity are resolved on the face of the pleadings and with limited resort to pre-trial discovery." *Jackson,* 958 F.2d *at* 620 (quoting *James v. Sadler,* 909 F.2d 834, 838 (5th Cir.1990)). "Accordingly, this circuit requires that § 1983 plaintiffs meet heightened pleadings requirements in cases, such as this, in which an immunity defense can be raised." *Jackson,* 958 F.2d *at* 620. "[P]laintiffs who invoke § 1983 must plead specific facts that, if proved, would overcome the individual defendant's immunity defense; complaints complaining conclusory allegations, absent reference to material facts, will not survive motions to dismiss." *Id*. "'[A]llowing broadly worded complaints…which leaves to traditional pretrial depositions, interrogatories, and requests for admission the development of the real facts underlying the claim, effectively eviscerates important functions and protections of official immunity.' Further, plaintiffs must demonstrate prior to discovery that their allegations are sufficiently fact-specific to remove the cloak of protection afforded by an immunity defense." *Id*. (citing *Geter v. Fortenbery*, 849 F.2d 1550, 1553 (5th Cir.1988)).

In the Fifth Circuit, the standard for analyzing qualified immunity cases is well established:

> The clearly established prong is difficult to satisfy. A right is 'clearly established' only if it 'is sufficiently clearly that every reasonable official would have understood that what he is doing violates that right. We must define the right 'with specificity.' A case 'directly on point' is not required, but 'existing precedent must have placed the statutory or constitutional

question beyond debate.' In other words, 'there must be adequate authority at a sufficiently high level of specificity to put a reasonable official on notice that his conduct is definitively unlawful.' This rule is a 'demanding standard,' and the Supreme Court 'repeatedly' has told us 'not to define clearly established law at a high level of generality.' Ultimately, '[t]he dispositive questions is whether the violate nature of the *particular* conduct is clearly established.' We undertake that inquiry ''in [the] light of the specific context of the case, not as a broad general proposition.''

When an official raises qualified immunity on summary judgment, as Sheriff Castloo did here, the plaintiff bears the burden of showing that the defense does not apply. To meet that burden, the plaintiff must present evidence, viewed in her favor, satisfying both qualified-immunity prongs by showing that the defendant (1) violated a constitutional right (2) that was clearly established at the time of the defendant's conduct.

*Cunningham v. Castloo*, 983 F.3d 185, 191 (5th Cir.2020) (citations omitted).

**<u>Argument</u>:**

<u>*Issue 1*</u>:  ***Swan's failure to allege the existence of any of the Monell factors is dispositive of her Constitutional claims against Deputy Shields in his official capacity.***

Swan's claims against Deputy Shields in his official capacity are a suit against Montgomery County. *Rhyne v. Henderson County,* 973 F.2d 386, 392 n. 2 (5th Cir.1992) (citing *Kentucky v. Graham,* 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)).

The required elements to impose municipal liability upon a government entity under section 1983 are (1) a policymaker, (2) an official policy, and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). "In order for a municipality to have liability to a plaintiff, the municipality must itself cause the constitutional violation at issue." *Monell*, 436 U.S. at 690-91. To establish liability, a

plaintiff must either identify "a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers" or "constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." *Id.*

"This 'policy or custom' requirement extends to claims for injunctive and declaratory relief." *Robinson v. Hunt Cty.*, 921 F.3d 440, 447 (5th Cir.2019) (citing *Los Angeles County v. Humphries*, 562 U.S. 29, 31, 131 S.Ct. 447 178 L.Ed.2d 460 (2010)).

Because Swan does not allege the existence of any of the *Monell* elements, her claims against Shields in his official capacity, which are actually claims against Montgomery County, should be dismissed.

***Issue 2:*** ***Swan's allegation that Deputy Shields made false statements in a police report does not state a cognizable Constitutional claim because she does not have a Constitutional right to an accurate police report.***

Swan summarily concludes that Deputy Shields violated her First, Fourth, and Fourteenth Amendment rights. *Doc. 1 pg. 4 at "A."* Factually, she alleges that Deputy Shields falsely determined and documented in his report that Swan suffers from mental illness and that Shields falsely characterized a check into Swan's welfare as a criminal investigation. *Doc. 1 pg. 2-3*.

The basis for Swan's First Amendment claim is not apparent to Defendants. Generally speaking, "the First Amendment prohibits no only direct limitations on speech but also adverse government action against an individual because of her exercise of First Amendment freedoms." *Colson v. Grohman,* 174 F.3d 498, 508 (5th Cir.1999). Swan has

not alleged sufficient facts entitled to be accepted as true that demonstrate Deputy Shields violated her First Amendment Rights.

The basis for Swan's Fourth Amendment claim is not apparent to Defendants. Generally, a Fourth Amendment claim is brought for the "wrongful initiation of charges without probable cause." *Thompson v. Clark,* 596 U.S. 36, 43, 142 S.Ct. 1332, 212 L.Ed. 2d 382 (2022). Swan does not allege that Deputy Shields arrested or searched her, or that charges were brought against her. Swan not has alleged sufficient facts entitled to be accepted as true that demonstrate Deputy Shields violated her Fourth Amendment Rights.

The basis for Swan's Fourteenth Amendment claim appears to be that Swan did not have the opportunity to refute the content of the police report. See *doc. 1 pg. 2 at ¶ 6A* (alleging that swan not given an opportunity to refute that she was a mental health subject.) The due process clause of the Fourteenth Amendment provides "nor shall any state deprive any person of life, liberty, or property without due process of law." U.S. CONST. AMEND. XIV, § 1. Due process claims are categorized as either procedural or substantive. In this case, it appears Swan is suggesting she has a due process right to review and contest the police report.

An individual does not have a clearly established right to an accurate police report. *Rich v. Palko,* 920 F.3d 288, 297 (5th Cir.2019) (The Plaintiff "fails to identify a single case suggesting that an individual has a right to be free from inaccuracies in an after-the-fact police report or that an inaccurate report serves as a sort of continuing constitutional violation…") (citing *Smith v. Patri,* 99 F.App'x 497, 498 (5th Cir.2004) (unpublished

opinion) (per curiam) ("[T]here is no right to a completely accurate police report.") and *Jarett v. Twp. Of Bensalem,* 312 F.App'x 505, 507 (3rd Cir.2009) (unpublished opinion) ("[T]the mere existence of an allegedly incorrect police report fails to implicate constitutional rights.")).

Because the clearly established law does not provide Swan a Constitutional right to an accurate police report, she cannot meet her burden to establish that Deputy Shields violated her clearly established Constitutional rights.

*Issue 3:* **Deputy Shields in his individual and official capacities are immune from Swan's State law tort claims because the Texas Tort Claims Act does not waive immunity for the claims.**

Swan's state law tort claims of Defamation, Defamation per se, and abuse of process fail as a matter of law because Deputy Shields made the contested statements in the course and scope of his official duties.

*State law claims, generally:*

Swan brings state law claims pursuant to the Texas Tort Claims Act, including: fraud, fraudulent misrepresentation, defamation, defamation per se, and abuse of process. *Doc. 1 pg. 4.*

The election of remedies doctrine, requires dismissal of individual officials if they can show that (1) their conduct was within the scope of their duties with the County, and (2) the suit could have been brought against the County. TEX. CIV. PRAC. & REM. CODE § 101.106, *Anderson v. Bessman,* 365 S.W.3d 119, 124 (Tex.App.—Houston[1st Dist.], 2011, no pet.) (citing *Franka v. Velasquez,* 332 S.W.3d 367, 369 (Tex. 2011)).

As to the first prong, whether the defendant was acting within the scope of his duties, the Complaint clearly alleges he was. The entire suit is based on the Shields' completion of a police report. D*oc. 1 pgs. 2-3*.

As to the second prong, because the suit is brought for actions Shields took in the course and scope of his duties, the case could have been brought against Montgomery County. *Alexander v. Walker,* 435 S.W.3d 789, 792 (Tex. 2014) see also, *Frias v. Hernandez,* 2025 WL 1831589, *3, --- F.4th --- (5th Cir.2025) (citing *Franka,* 332 S.W.3d at 381). The County's immunity from such a claim does not mean that the Plaintiff could not sue the County. *Franka,* 332 S.W.3d at 385 and *Alexander,* 435 S.W.3d at 792. This is true "even though, at times, it may result in individual citizens suffering pecuniary loss as a result of oppressive or malicious actions by government officials." *Martinez v. Hardy*, 864 S.W.2d 767, 773 (Tex.App.—Houston[14th], 1993, no writ) (internal citations omitted).

Therefore, Swan's attempt to sue the Shields in his individual capacity for State torts is barred by the "election of remedies doctrine" and should be dismissed.

*Abuse of Process:*

In order to succeed on her abuse of process claim, Swan must demonstrate that the complained of process was not used for its intended purpose; irrespective of whether the Defendant had an ulterior motive. *Sierra Club v. Cedar Point Oil, Co.,* 73 F.3d 546, 577 (5th Cir.1997) (internal citations omitted). In this case, the process was used for exactly what it was supposed to be used for – to check on the welfare of Swan.

*Claims stemming from the Shield's statements in the police report:*

The Fifth Circuit recently confronted this very issue, and held an officer is immune from suit under Texas law for false statements made in a police report. *Frias v. Hernandez,* 2025 WL 1831589, --- F.4th --- (5th Cir.2025). The Fifth Circuit held that the officer was immune from the State law claims even if misused his power, and falsified reports. *Id.* at *5. The Court also made clear that the officer's motives were irrelevant. *Id*.

*Swan's official capacity claims are barred by immunity:*

Because Shield's in his official capacity is Montgomery County and Montgomery County is immune from suits alleging its officers committed torts, Swan's official capacity claims are barred by immunity. TEX. CIV. PRAC. & REM. CODE § 101.057.

### *Issue 4:* *Swan failed to state a cognizable Official Oppression claim because the penal statute does not provide a private cause of action.*

Swan alleges Shields committed official oppression in violation of the Texas Penal Code. *Doc. 1 pg. 5.* The statute does not provide a private cause of action. TEX. PEN. CODE § 39.03.

Swans' reliance on alleged violations of criminal statutes to support a private cause of action is without merit.

### CONCLUSION

Because Swan's allegations, even if true, do not state a valid Constitutional or State law claim, this case should be dismissed in its entirety.

## PRAYER

The Defendants pray this Court dismiss this case for failure to state a claim upon which relief can be granted. The Defendants pray for all other relief to which they may be entitled.

> Respectfully submitted,
>
> BY: <u>s/ Daniel Plake</u>
> Daniel Plake
> Assistant County Attorney
> Texas Bar No. 24062942
> Federal ID No. 918023
> Daniel.plake@mctx.org
> 501 N. Thompson St. Suite 100
> Conroe, TX 77301
> Phone: (936) 539-7828
> Facsimile: (936) 538-8079
> ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF CONFERENCE

I spoke with Ms. Swan via phone on July 15, 2025 for approximately 36 minutes. Ms. Swan is opposed to the relief sought in this motion.

> <u>s/ Daniel Plake</u>

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2025 a true and correct copy of the foregoing instrument was forwarded via electronic delivery pursuant to the local rules or United States Mail pursuant to Federal Rule of Civil Procedure to the following:

Deborah Swan
1318 Chesterpoint Drive
Spring, Texas 77386
justiceguard@proton.me
*Pro se plaintiff*

> <u>s/ Daniel Plake</u>