# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

United States Courts
Southern District of Texas
F I L E D

JUL 1 8 2025

Nathan Ochsner, Clerk of Court

**DEBORAH SWAN,**
Plaintiff,

v.

**DEPUTY W. SHIELDS,** Individually and in his Official Capacity, and
**MONTGOMERY COUNTY, TEXAS,**
Defendants.

## CIVIL ACTION NO.

## 4:25-cv-02799

---

## PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE OF LAW ENFORCEMENT CODE "10-96"

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to **Federal Rule of Evidence 201**, Plaintiff respectfully requests that the Court take judicial notice of the definition and law enforcement usage of **radio code "10-96"** as it relates to the claims asserted in this action.

## I. LEGAL STANDARD

Federal Rule of Evidence 201 permits a court to take judicial notice of a fact that is not subject to reasonable dispute because it:

1. Is generally known within the trial court's territorial jurisdiction; or

2. Can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

**Fed. R. Evid. 201(b).**

Courts shall take judicial notice sua sponte or upon request. Judicial notice is particularly appropriate where the fact in question is established in government publications, agency protocols, or other publicly accessible materials. **See, e.g., United States v. Kindig, 694 F.2d 772, 776 (5th Cir. 1982)** (judicial notice of government standards); **Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011)** (judicial notice of publicly available agency documents).

---

## II. THE "10-96" LAW ENFORCEMENT CODE

The police code **"10-96"** is a standardized radio communication code used throughout Texas and other U.S. jurisdictions to refer to a **"mental subject"**, **"psychiatric subject"**, or **"person with mental illness."**

This designation is typically used when law enforcement believes a person:

- Is exhibiting signs [1]of acute mental health crisis;

- Is potentially **suicidal** or **homicidal**;

- May be a **danger to themselves or others**;

- Or is otherwise in need of emergency mental health intervention under **Texas Health & Safety Code § 573.001** (emergency detention without warrant).

The **Texas Department of Public Safety (DPS)**, along with numerous county-level agencies, routinely include "10-96" in their published 10-code systems to designate mental health incidents.

Attached hereto as **Exhibit A** is a true and correct copy of a published Texas 10-code list showing "10-96 – Psychiatric Subject / Mental Subject." This information is also available from public sources such as RadioReference.com's Texas DPS code directory.

---

## III. RELEVANCE TO PLAINTIFF'S CLAIMS

In her complaint, Plaintiff alleges that **Deputy W. Shields,** on at leastt 4 separate entries, without having ever spoken to the Plaintiff, or any contact with her, falsely

[1] **Emergency mental health detentions** under Texas Health & Safety Code § 573.001
**Crisis Intervention Team (CIT) training** used by Montgomery County law enforcement
**Use of code "10-96"**, which signals a psychiatric emergency requiring specialized response

and maliciously entered " **Deborah Swan is a 10-96 with Political delusions**" into the Montgomery County official dispatch system, falsely labeling Plaintiff as mentally ill and suffering from "political delusions." This action was:

- Retaliatory (in response to Plaintiff's political speech and whistleblowing);

- Factually false (no evaluation or basis was performed); and

- Injurious (used to discredit Plaintiff, obstruct records access, and interfere with legal rights).

Misuse of a code as serious and stigmatizing as "10-96" implicates multiple constitutional rights violations, including:

- **Fourteenth Amendment Due Process** (reputational harm with no hearing);

- **First Amendment Retaliation** (targeting based on political beliefs);

- **Fourth Amendment Liberty Interest** (unjustified classification as mentally unstable);

- And supports related state torts (defamation, abuse of process, fraud).

Courts have consistently recognized that the state's false classification of an individual as mentally unstable or dangerous—particularly without due process— give rise to constitutional claims under **§ 1983**. See:

- *Paul v. Davis*, 424 U.S. 693, 709–10 (1976);

- *Doe v. Heck*, 327 F.3d 492, 524 (7th Cir. 2003);

- *Smith v. Siegelman*, 322 F.3d 1290, 1296 (11th Cir. 2003);

- *Valmonte v. Bane*, 18 F.3d 992, 1001 (2d Cir. 1994).

## IV. REQUESTED RELIEF

Plaintiff respectfully requests that the Court take **judicial notice under Fed. R. Evid. 201** of the fact that:

> "10-96" is a law enforcement radio code designating a **mental subject**, used in Texas and Montgomery County to classify individuals believed to pose a **psychiatric danger to themselves or others**.

This designation, when falsely or improperly applied to a private citizen, carries reputational, procedural, and legal consequences that implicate constitutional protections.

**Respectfully submitted,**
**Deborah Swan**
Plaintiff, Pro Se
Dated: July 18, 2025

**Exhibit A :**

- A copy or screenshot of the **Texas law enforcement 10-code list** showing "10-96 = Mental Subject" (from RadioReference, DPS, or county dispatch manual).

## CERTIFICATE OF SERVICE

I hereby certify that on **July 18, 2025,** a true and correct copy of the foregoing **Plaintiff's Request for Judicial Notice of Law Enforcement Code "10-96"** was served on all parties of record via email, and hand delivered to be filed in **UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION**

Respectfully submitted,

**/s/ Deborah Swan**
Deborah Swan