# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

JUL 2 8 2025

Nathan Ochsner, Clerk of Court

**DEBORAH SWAN,**
Plaintiff,

V.

**DEPUTY W. SHIELDS**, Individually and in His Official Capacity, and
**MONTGOMERY COUNTY, TEXAS,**
Defendants.

### CIVIL ACTION NO. 4:25-cv-02799

---

## PLAINTIFF'S REPLY REGARDING CASE LAW AND THE "STIGMA-PLUS" DOCTRINE

Plaintiff Deborah Swan respectfully submits the following in response to

Defendants' assertions regarding the applicability of cited case law and the legal

sufficiency of her "stigma-plus" due process claim:

### I. Doe v. Heck, 327 F.3d 492 (7th Cir. 2003)

Defendants incorrectly claim that *Doe v. Heck* is inapplicable and that the quote

cited by Plaintiff does not exist. In fact, the Seventh Circuit in *Heck* held that

government action involving dissemination of stigmatizing information into

official records — coupled with a resulting legal disability or change in legal status — satisfies the "stigma-plus" standard required under the Fourteenth Amendment.

> "A plaintiff who seeks to show a deprivation of his liberty interest in his good name must show that the state imposed a stigma in connection with a deprivation of a tangible interest, such as employment." *Doe v. Heck*, 327 F.3d 492, 524 (7th Cir. 2003).

Although *Heck* is a Seventh Circuit case and not binding in this jurisdiction, it is persuasive authority consistent with the legal standards articulated by the U.S. Supreme Court in *Paul v. Davis*, discussed below. Plaintiff's allegations that Deputy Shields falsely labeled her as "10-96" and "politically delusional" in official databases — resulting in enhanced scrutiny and adverse treatment — directly parallels the stigmatizing and liberty-depriving conduct identified in *Heck*.

## II. Paul v. Davis, 424 U.S. 693 (1976)

Defendants rely on *Paul* to assert that damage to reputation alone is insufficient to establish a constitutional claim. This is a mischaracterization. The Supreme Court in *Paul* clearly stated that while defamation alone is not actionable under § 1983, when accompanied by an alteration or loss of a recognized right or legal status, it gives rise to a valid Fourteenth Amendment procedural due process claim:

> "While we have in a number of our prior cases recognized that a person's interest in his reputation is entitled to some constitutional protection, the Court has never held that the mere defamation of an individual, without more, was sufficient to invoke the procedural

protection of the Due Process Clause." *Paul v. Davis*, 424 U.S. 693, 706 (1976) (emphasis added).

"Thus, even assuming that the defamatory statements contained in the flyer were untrue, there was no constitutional violation unless the State had altered Davis' legal status or rights." *Id.* at 709–10.

Plaintiff has alleged precisely such a change in legal status: inclusion of a false "mental illness" notation in official police dispatch records has affected her ability to safely interact with law enforcement, her classification in open records, and her eligibility for firearm purchases — tangible impairments tied to a government-created stigma.

### III. Smith v. Siegelman, 322 F.3d 1290 (11th Cir. 2003)

Defendants also mischaracterize *Smith v. Siegelman* as merely echoing the "stigma-plus" requirement without relevance. *Smith* affirms that defamation by a government official, when linked to a deprivation of legal status or rights, meets the due process standard:

"The stigma-plus standard is met when the government attaches a badge of infamy to the citizen and alters their legal rights or status in the process." *Smith v. Siegelman*, 322 F.3d 1290, 1296 (11th Cir. 2003).

Here, Deputy Shields' placement of knowingly false statements into official databases including "politically delusional" and "10-96" mental code notations has subjected Plaintiff to ongoing reputational injury *plus* tangible consequences,

including heightened law enforcement response and interference with Second Amendment rights.

## IV. The "Plus" Component Is Plausibly Alleged

Defendants dismiss Plaintiff's claim that the entry in official records affects firearm eligibility and emergency response protocol by asserting she was not adjudicated or institutionalized. However, Plaintiff does not assert that she was formally adjudicated — rather, she asserts that Deputy Shields' false entry into state law enforcement databases *functionally equates* to an informal adjudication, triggering red flag designations and enhanced risk classifications that impair legal status and rights.

Such official entries are accessed by 911 operators, police, and other agencies who respond with force or prejudice based on this false coding — the quintessential deprivation of liberty and safety protected under procedural due process.

Moreover, under *Valmonte v. Bane*, 18 F.3d 992, 1001–02 (2d Cir. 1994), inclusion in a government database with resulting stigma and legal consequences constitutes sufficient "state action" to trigger due process guarantees — even in the absence of formal adjudication.

## CONCLUSION

Defendants' attempt to characterize Plaintiff's claims as mere defamation is contradicted by the facts alleged in the Complaint and by well-established case law. Plaintiff has alleged that Deputy Shields, under color of law, knowingly created and disseminated false information about her mental state in official records, thereby altering her legal status, liberty, and ability to safely interact with public institutions. This satisfies the "stigma-plus" standard articulated by the Supreme Court and applied by multiple Circuit Courts.

Accordingly, Defendants' Motion to Dismiss should be denied.

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of July, 2025, a true and correct copy of the foregoing document was served by email on for Defendants and mailed senntvto court by USPS

**/s/ Deborah Swan**

**Deborah Swan**

Plaintiff, Pro Se