UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

**DEBORAH SWAN,**
Plaintiff,

V.

**DEPUTY W. SHIELDS,** Individually and in His Official Capacity, and
**MONTGOMERY COUNTY, TEXAS,**
Defendants.

CIVIL ACTION NO. 4:25-cv-02799

## PLAINTIFF'S CERTIFICATE OF INTERESTED PERSONS

Pursuant to the Court's Standing Order regarding disclosure of interested persons, Plaintiff Deborah Swan, appearing pro se, certifies the following:

1. The following persons, entities, or organizations are believed to have a financial or legal interest in the outcome of this litigation:

   - **Deborah Swan**, Plaintiff
     1318 Chesterpoint Drive
     Spring, Texas 77386

- **Deputy W. Shields**, Defendant
  In his individual and official capacities
  Precinct 3 Constable's Office, Montgomery County

- **Montgomery County, Texas**, Defendant
  501 N. Thompson Street
  Conroe, Texas 77301

- **Montgomery County Precinct 3 Constable's Office**
  Agency employing Deputy Shields; subject of the policies and practices at issue

- **Montgomery County Risk Management Department**
  501 N. Thompson Street, Suite 202
  Conroe, Texas 77301
  (Manages the County's self-insurance and liability programs)

- **Texas Association of Counties Risk Management Pool (TAC RMP)**
  1210 San Antonio Street
  Austin, Texas 78701
  (May provide defense or indemnity coverage to Montgomery County or its employees)

- **Captain Michael Atkins**, Precinct 3 Constable's Office, Montgomery County
  (Supervisory official whose conduct and recorded admissions may be material to Plaintiff's claims; Plaintiff reserves the right to name him as a party if warranted by future discovery)

2. Plaintiff is not currently aware of any other individuals, corporations, insurers, affiliates, or legal entities with a financial or legal interest in the

outcome of this case. Plaintiff will promptly amend this certificate if additional parties are identified.

## III. SUPPORTING AUTHORITY

Plaintiff includes the above entities in accordance with the Court's standing order and in light of applicable precedent recognizing:

- The right of plaintiffs to name **supervisory officials** where factual development may support **personal involvement, ratification, or deliberate indifference.** (*Doe v. Taylor ISD*, 15 F.3d 443, 453 (5th Cir. 1994) (en banc); *Colle v. Brazos County*, 981 F.2d 237, 244 (5th Cir. 1993))

- The importance of **risk pool administrators** and **insurers** in § 1983 litigation when they may **bear financial responsibility** for a judgment or settlement. (*Owen v. City of Independence*, 445 U.S. 622, 657 (1980); *Texas Ass'n of Counties County Gov't Risk Mgmt. Pool v. Matagorda Cty.*, 52 S.W.3d 128, 132 (Tex. 2000))

- That disclosure obligations extend to parties with a **realistic and probable interest**, even if not yet named, to ensure full transparency and judicial efficiency. (*Fed. R. Civ. P. 7.1* and Judge Ellison's Standing Order)

Respectfully submitted,

/s/ Deborah Swan
**Deborah Swan, Pro Se**

1318 Chesterpoint Drive
Spring, Texas 77386
justiceguard@proton.me

Dated: [Insert Filing Date]

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of July, 2025, a true and correct copy of the foregoing **Plaintiff's Certificate of Interested Persons** was served upon all parties of record via electronic mail.

**Daniel Plake**
Assistant County Attorney
501 N. Thompson Street, Suite 100
Conroe, Texas 77301
Email: daniel.plake@mctx.org
**Attorney for Defendants**

Respectfully submitted,

/s/ Deborah Swan
**Deborah Swan, Pro Se**
1318 Chesterpoint Drive
Spring, Texas 77386
justiceguard@proton.me