| | | |
|---|---|---|
| Deborah Swan, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.: 4:25-cv-2799 |
| | § | |
| Deputy W. Shields, individually and in | § | |
| his official capacity, | § | |
| *Defendants.* | § | |

## ORDER

On this day, this Court, after considering the pleadings, evidence, and arguments of counsel and *pro se* parties, if any, FINDS Plaintiff has failed to state an actionable claim against the Defendants, and the case should be dismissed pursuant to Rule 12(b)(6. The Court HOLDS that Deputy Shields in his individual capacity is entitled to dismissal of the Constitutional claims because Swan does not have a clearly established Constitutional right to an accurate police report. The Court HOLDS that Deputy Shields in his individual capacity is entitled to dismissal of the state law claims under the election of remedies doctrine because at all relevant times he was acting in his capacity as a Montgomery County Deputy and suit could have been brought against his employer. The Court HOLDS that the Constitutional claims against Deputy Shields in his official capacity should be dismissed because Swan did not establish the *Monell* elements. The Court HOLDS that state law claims against Deputy Shields in his official capacity should be dismissed because the Tort Claims Act does not waive immunity for the state law claims against Deputy Shields in his official capacity,

Therefore, The Court therefore GRANTS the Defendants' Motion to Dismiss, all claims against the Defendants are dismissed without prejudice. It is further ODERED that the Defendants are awarded their costs from Plaintiff.

It is so ORDERED.

_____     _____
Date                                                    The Honorable Keith P. Ellison
United States District Judge