IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DEBORAH SWAN,
Plaintiff,

v.

DEPUTY W. SHIELDS, Individual ly and in his Official Capacity, and
MONTGOMERY COUNTY CONSTABLES PCT 3, TEXAS,
Defendants.

Civil Action No. 4:25-cv-0279

**PLAINTIFF'S JUDICIAL NOTICE OF FABRICATED RECORDS,
UNLAWFUL CAD ENTRIES, AND COVER-UP**

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to Federal Rule of Evidence 201 and Federal Rule of Civil Procedure 46, Plaintiff Deborah Swan submits this Judicial Notice to preserve the record on appeal.

1. Absence of Supporting Records

   1. Plaintiff submitted multiple public-records requests for incidents logged on June 7, June 8, June 14, and June 23, 2024, including calls C24393531, C24393532, C24393534, and 24E023844.

2. The Sheriff's Office has confirmed:

    - No 911 call audio recordings exist, because no 911 calls were ever made.

    - No body-worn camera (BWC) footage exists for any of these calls.

    - No offense reports were generated by the Sheriff's Office.

3. The only records left are CAD entries authored by Defendant Shields, which falsely describe Plaintiff as "10-96" and "politically delusional."

---

2. Prohibited CAD Mental Health Labeling

1. Under Texas law and law enforcement policy, constables and deputies are not authorized to diagnose or label a citizen as mentally ill in CAD systems.

2. A CAD code such as "10-96" (person with mental illness) must only be applied based on lawful criteria and clinical evaluation, not a deputy's personal opinion.

3. Policy requires that when a call is classified as mental-health related, there must be corresponding audio (dispatch call) and video (body-cam) documentation.

4. Defendant Shields created multiple CAD entries classifying Plaintiff as "10-96" without any audio, video, medical evaluation, or due process.

3. Proof of Fabrication

- Because no 911 call, no body-cam footage, and no offense reports exist, the CAD "investigations" authored by Shields are fabricated records within the meaning of Tex. Penal Code § 37.10 (Tampering with Governmental Records).

- By filing a sanitized Constable "information-only" report in this Court while concealing the fabricated CAD logs, Defendant engaged in fraud on the court. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944).

---

4. County Attorney's Role in the Cover-Up

- Defendant's counsel, Assistant County Attorney Daniel Plake, has filed pleadings that:
    1. Ignore the fabricated nature of the CAD entries;
    2. Mischaracterize Plaintiff's claims as a mere disagreement with a report;
    3. Fail to disclose to this Court that CAD entries were created without the required supporting audio, video, or medical basis.
- By defending falsified records and withholding these facts, County Attorney Plake is assisting in the cover-up of unlawful and fraudulent CAD entries.

---

5. Constitutional Significance

- Fourteenth Amendment: False stigmatization of Plaintiff as mentally ill constitutes a *stigma-plus* violation. *Paul v. Davis*, 424 U.S. 693 (1976); *Vitek v. Jones*, 445 U.S. 480 (1980).

- First Amendment: Plaintiff's distribution of letters was protected speech; using it to brand her as delusional is retaliation. *Hartman v. Moore*, 547 U.S. 250 (2006).

4

- Municipal Liability: The pattern of allowing deputies to enter mental health flags into CAD without audio/video safeguards, coupled with the County Attorney's defense of this practice, establishes unconstitutional custom or practice under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

---

6. Request for Preservation

Plaintiff respectfully requests this Court take judicial notice that:

1. No 911 audio, body-cam footage, or offense reports exist for any incidents where Defendant Shields labeled Plaintiff as "10-96" in CAD.
2. Constables and deputies are not authorized to create mental health flags in CAD absent lawful process and required documentation.
3. The absence of supporting records proves the CAD entries are fabricated.
4. County Attorney Daniel Plake is assisting in concealing this fabrication by defending these falsified records before the Court.

PRAYER

WHEREFORE, Plaintiff prays that this Judicial Notice be entered into the record and preserved for appellate review as evidence of fabricated records, unlawful CAD entries, fraud on the court, and official cover-up.

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of September, 2025, a true and correct copy of the foregoing PLAINTIFF'S JUDICIAL NOTICE OF FABRICATED RECORDS, UNLAWFUL CAD ENTRIES, AND COVER-U was served upon the following parties by electronic filing via CM/ECF and/or email:

Daniel Plake
Assistant District Attorney
Montgomery County Attorney's
Office Email: daniel.plake@mctx.org
Attorney for Defendant Deputy W. Shields

Respectfully submitted,

/s/ Deborah Swan Pro Se Plaintiff
1318 Chesterpoint Drive Spring, TX 77386
justiceguard@proton.me

 Gmail

Deborah Swan <swansinvestigations@gmail.com>

**Sheriff's Office Public Records Request :: R006037-090425**
1 message

MCTX Sheriff Records <mctxsheriff@govqa.us>  Tue, Sep 9, 2025 at 10:56 AM
To: "swansinvestigations@gmail.com" <swansinvestigations@gmail.com>

--- Please respond above this line ---



## MONTGOMERY COUNTY, TX
### SHERIFF'S OFFICE

RE: Sheriff's Office Public Records Request of September 04, 2025, Reference # R006037-090425

Dear Deborah Swan,

The Montgomery County, TX Sheriff's Office received a request from you on September 04, 2025. Your request mentioned:

**June 7, 2024, body cam of incident number 24E023858 and audio of call C24393531**

The Montgomery County, TX Sheriff's Office has reviewed its files and has determined there are no responsive record(s) to your request.

We suggest you contact Montgomery County Constable Pct. 3 to request the body camera footage for this incident.

For questions or additional information, please reply to this email.

Sincerely,
Records Management

To monitor the progress or update this request please log into the Records Request Center


Powered by
GovQA