United States Courts
Southern District of Texas
FILED

SEP 1 9 2025

Nathan Ochsner, Clerk of Court

Deborah Swan,
  Plaintiff,

v.

Deputy Walter Shields, et al.,
  Defendants.

Civil Action No. 4:25-cv-0279

## JUDICIAL NOTICE  OF DEFENDANTS ATTORNEY DANIEL PLAKES MISSTATEMENTS

Plaintiff Deborah Swan respectfully files this Judicial Notice to correct

misstatements of fact and law made by Defendants' counsel, Daniel Plake, in

Defendants' Reply. Federal Rule of Evidence 201 permits judicial notice of the

contents of the court's own record. Counsel's selective quotations and omissions

mislead the Court and contradict the plain language of Plaintiff's Amended

Complaint. The chart below compares counsel's misstatements with the actual

allegations.

# Comparison of Attorney Plake's Misstatements vs. Plaintiff's Actual Amended Complaint

| Plake's Misstatement (from Motion/Reply) | Plaintiff's Actual Amended Complaint | Notes |
|---|---|---|
| *"Swan did not identify any protected activity."* (Def. Reply, citing Doc. 61) | Amended Complaint expressly alleges **protected First Amendment activity** including (a) reporting cyberstalking and GPS tracking to law enforcement, (b) making a single political inquiry regarding January 6 investigations, and (c) filing complaints/petitions with county officials. | Mischaracterizes pleadings by ignoring specific factual paragraphs identifying protected speech and petitioning. |
| *"The welfare check was properly handled and Shields merely classified it in CAD."* | Amended Complaint alleges **Shields was not present** during the June 7, 2024 welfare check, falsified CAD entries afterward, and fabricated "politically delusional" remarks not made by Plaintiff. | Plake omits transcript evidence and Plaintiff's allegation that Shields falsified official records. |
| *"There are no allegations of reputational harm plus deprivation ('stigma-plus')."* | Amended Complaint details **stigma-plus harms:** CAD entries flagged Plaintiff's home as a "problem address," created caution notes, and led to neighbors being instructed to lock doors and report Plaintiff. This caused reputational harm **plus tangible liberty deprivations** (enhanced police scrutiny, threat of detention). | Direct contradiction Plaintiff pled stigma-plus clearly. |
| *"Shields' statements were mere opinion and cannot form the basis of a claim."* | Amended Complaint alleges **false statements entered into official government dispatch records** and disseminated to deputies and neighbors , not opinion, but **government action under color of law.** | Mischaracterizes operative facts labeling defamatory entries as mere "opinion" ignores the governmental record context. |
| *"Plaintiff fails to allege Monell liability against Montgomery County or Constable's Office."* | Amended Complaint alleges **customs/policies of inadequate training and lack of procedures** regarding CAD entries and mental-health coding, confirmed by Captain Atkins. Also alleges Shields acted **in his official capacity.** | Misrepresents allegations Monell pleading is present and tied to facts (policy vacuum, ratification, failure to train). |

**Deborah Swan**
Pro Se Plaintiff
1318 Chesterpoint Drive
Spring, Texas 77386
justiceguard@proton.me

# CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of September, 2025, a true and correct copy of the foregoing Defendants Have Waived Objections to Claims Against the Constable's Office was served upon the following parties by electronic filing via CM/ECF and/or email:

Daniel Plake
Assistant District Attorney
Montgomery County Attorney's
Office Email: daniel.plake@mctx.org
Attorney for Defendant Deputy W. Shields