IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
OCT 03 2025
Nathan Ochsner, Clerk of Court

DEBORAH SWAN,

Plaintiff,

v.

DEPUTY W. SHIELDS, individually and in his Official Capacity, and MONTGOMERY COUNTY CONSTABLES PCT 3, TEXAS,
Defendants.

Civil Action No. 4:25-cv-02799

## PLAINTIFF'S OBJECTION TO ORDER DKT 90 DENYING DEFAULT JUDGMENT

AS TO MONTGOMERY COUNTY DEFENDANTS

TO THE HONORABLE COURT:

Plaintiff Deborah Swan respectfully objects to the Court's October 1, 2025 Order denying her Motion for Entry of Default Judgment (ECF 87) against Montgomery County and the Montgomery County Constable's Office, and shows as follows:

I. BACKGROUND

1. Plaintiff's complaint and Civil Cover Sheet identified Deputy W. Shields (individual and official capacities) and Montgomery County Constable's Office, Precinct 3 as defendants. (ECF 1; Civil Cover Sheet filed June 16, 2025).

2. Plaintiff subsequently filed a Certificate of Interested Persons on July 23, 2025, expressly listing Montgomery County, the Montgomery County Constable's Office

3. Summons were issued for the Constable's Office and for Montgomery County. (ECF 6; MOCO Summons filed July 2, 2025).

4. Critically, Defendants themselves listed both Montgomery County and Deputy Shields as defendants in their Notice of Interested Parties (ECF 16, filed by Assistant County Attorney Daniel Plake).

5. Counsel for Montgomery County then filed a motion to dismiss on behalf of both the County and Shields. (ECF 76 at 17).
Nonetheless, this Court denied default judgment by concluding that only Deputy Shields had been served and that Montgomery County had not been made a party.

## II. LEGAL STANDARD

- Fed. R. Civ. P. 55(a): Default must be entered when a defendant fails to plead or defend.

- Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind, 841 F.2d 646, 651 (5th Cir. 1988): A party waives objections to service by appearing and defending.

- Darby v. Pasadena Police Dep't, 939 F.2d 311, 313 (5th Cir. 1991): Counties are proper defendants in Texas; departments are non-jural entities, but the county is liable.

  Kentucky v. Graham, 473 U.S. 159, 165–66 (1985): Official-capacity suits are, in law, suits against the governmental entity.

- Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690–91 (1978): Municipal liability attaches for constitutional violations caused by policies/customs.

## III. ARGUMENT

### A. Montgomery County Is a Defendant of Record

- Plaintiff named Montgomery County and the Constable's Office.
- Plaintiff filed summonses and a Certificate of Interested Persons listing the County.

- Defendants' own Notice of Interested Parties (ECF 17) lists Montgomery County as a party. This judicial admission is binding. *See Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 476 (5th Cir. 2001) (statements in pleadings are judicial admissions).

- By appearing and defending (ECF 76), Montgomery County waived any technical service objections. *Bludworth Bond*, 841 F.2d at 651.

B. The Court's Order Is Internally Inconsistent

- The Order states that Montgomery County was "not served" but simultaneously acknowledges that the Constable's Office "appeared and filed a motion to dismiss."

- A party cannot appear and move to dismiss while also being treated as if not before the Court. This inconsistency prejudices Plaintiff.

C. Denial of Default Prejudices Plaintiff and Grants Defendants Favoritism

- Defendants themselves acknowledged Montgomery County's party status, yet the Court excuses their failure to timely plead while imposing burdens on Plaintiff.

- This constitutes judicial favoritism and creates an unequal litigation posture, violating *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980).

### D. County Liability Is Properly Alleged

- Montgomery County's policies and practices caused Plaintiff's ongoing harm. Liability attaches under *Monell* and *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986).

- The Court cannot collapse all claims into Deputy Shields individually, because official-capacity claims are, by law, against Montgomery County. *Graham*, 473 U.S. at 165.

## IV. RELIEF REQUESTED

For these reasons, Plaintiff respectfully requests that the Court:

1. Clarify that Montgomery County is a named and proper defendant;
2. Vacate or modify its October 1, 2025 Order denying default judgment
3. Enter default against Montgomery County, or in the alternative, compel immediate responsive pleading;
4. Apply discovery and procedural rules equally to all parties;
5. Grant all other relief to which Plaintiff is justly entitled.

# CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2025, a true and correct copy of the foregoing Objection and Reply was filed and served via the Court's CM/ECF system on all counsel of record, including:


Deborah Swan

Pro Se Plaintiff