IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

DEBORAH SWAN,

Plaintiff,

v.

DEPUTY W. SHIELDS, individually and in his Official Capacity, and MONTGOMERY COUNTY CONSTABLES PCT 3, TEXAS,
Defendants.

Civil Action No. 4:25-cv-02799

## PLAINTIFF'S OBJECTION TO ORDER DKT 90 DENYING DEFAULT JUDGMENT

I. INTRODUCTION

Plaintiff Deborah Swan respectfully lodges this Objection to the Court's Order denying Plaintiff's Motion for Default Judgment (Doc. 87). The Court's ruling appears to rest, in part, on the conclusion that Montgomery County was not properly before the Court as a defendant. That conclusion is contradicted by the record, including Plaintiff's *Notice of Clarification* (Doc. 79), Defendants' own filings, and defense counsel's admissions.

Plaintiff therefore objects and requests reconsideration to correct the record and preserve this issue for appellate review.

## II. RECORD EVIDENCE ESTABLISHING MONTGOMERY COUNTY AS A DEFENDANT

1. Plaintiff's entire docket expressly named both Deputy W. Shields and Montgomery County Constables Pct. 3, Texas, as defendants.

2. Notice of Clarification – On September 19, 2025, Plaintiff filed a *Notice of Clarification* (Doc. 79) confirming Montgomery County's status as a separate defendant. Defendants did not file any opposition or challenge to that clarification.

   Defense Counsel's Filings – Defense counsel filed (See Doc. 7} Notice of Interested Parties, identifying Montgomery County as a defendant.

3. PACER Docket – PACER.gov consistently lists Montgomery County as a separate defendant alongside Shields. Each docket entry submitted by Plaintiff has included Montgomery County as a defendant.

## III. LEGAL ARGUMENT

1. Named Defendants Are Determined by the Complaint

   - The controlling source of parties is the complaint, not docketing errors. *United States v. City of New York*, 359 F.3d 83, 96 (2d Cir.

2004). The plaintiff's complaints and all filings name Montgomery County as a defendant.

2. Failure to Contest = Concession

   o Defendants' silence in response to Plaintiff's Notice of Clarification (Doc. 79) constitutes concession. *United States v. Vahlco Corp.*, 720 F.2d 885, 889 (5th Cir. 1983) (failure to contest constitutes admission).

3. Defense Counsel's Appearance Waived Service Issues

   o Even if service were disputed, defense counsel's filings on behalf of Montgomery County constitute an appearance and waiver of any defect in service. *Henderson v. United States*, 517 U.S. 654, 656 (1996).

4. Default Judgment Standard

   o Entry of default is appropriate where a defendant fails to plead or otherwise defend. Fed. R. Civ. P. 55(a).

   o Courts have held that once a party is properly before the court, its failure to respond warrants default. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

## IV. OBJECTION AND PRESERVATION FOR APPEAL

For the reasons above, Plaintiff respectfully objects to the denial of default judgment as to Montgomery County. Plaintiff submits that the Court's Order overlooked material facts in the record, including Plaintiff's Notice of Clarification (Doc. 79) and Defendants' own admissions.

This Objection is filed to preserve the issue for appellate review. See *Catlin v. United States*, 324 U.S. 229, 233 (1945) (issues preserved in the record may be appealed after final judgment).

---

## V. REQUEST FOR RELIEF

Plaintiff respectfully requests that this Court:

1. Reconsider its Order denying default judgment against Montgomery County in light of the record;

2. Correct the docket to ensure Montgomery County remains listed as a defendant; and

3. Preserve Plaintiff's objection for appellate review.

---

Respectfully submitted,



AS TO MONTGOMERY COUNTY DEFENDANTS

TO THE HONORABLE COURT:

Plaintiff Deborah Swan respectfully objects to the Court's October 1, 2025 Order denying her Motion for Entry of Default Judgment (ECF 87) against Montgomery County and the Montgomery County Constable's Office, and shows as follows:

I. BACKGROUND

1. Plaintiff's complaint and Civil Cover Sheet identified Deputy W. Shields (individual and official capacities) and Montgomery County Constable's Office, Precinct 3 as defendants. (ECF 1; Civil Cover Sheet filed June 16, 2025).

2. Plaintiff subsequently filed a Certificate of Interested Persons on July 23, 2025, expressly listing Montgomery County, the Montgomery County Constable's Office

3. Summons were issued for the Constable's Office and for Montgomery County. (ECF 6; MOCO Summons filed July 2, 2025).

4. Critically, Defendants themselves listed both Montgomery County and Deputy Shields as defendants in their Notice of Interested Parties (ECF 16, filed by Assistant County Attorney Daniel Plake).

5. Nonetheless, this Court denied default judgment by concluding that only Deputy Shields had been served and that Montgomery County had not been made a party.

## II. LEGAL STANDARD

- Fed. R. Civ. P. 55(a): Default must be entered when a defendant fails to plead or defend.

- Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind, 841 F.2d 646, 651 (5th Cir. 1988): A party waives objections to service by appearing and defending.

- Darby v. Pasadena Police Dep't, 939 F.2d 311, 313 (5th Cir. 1991): Counties are proper defendants in Texas; departments are non-jural entities, but the county is liable.

  Kentucky v. Graham, 473 U.S. 159, 165–66 (1985): Official-capacity suits are, in law, suits against the governmental entity.

- Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690–91 (1978): Municipal liability attaches for constitutional violations caused by policies/customs.

## III. ARGUMENT

A. Montgomery County Is a Defendant of Record

- Plaintiff named Montgomery County and the Constable's Office.
- Plaintiff filed summonses and a Certificate of Interested Persons listing the County.

- Defendants' own Notice of Interested Parties (ECF __) lists Montgomery County as a party. This judicial admission is binding. *See Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 476 (5th Cir. 2001) (statements in pleadings are judicial admissions).

- By appearing and defending (ECF 76), Montgomery County waived any technical service objections. *Bludworth Bond*, 841 F.2d at 651.

B. The Court's Order Is Internally Inconsistent

- The Order states that Montgomery County was "not served" but simultaneously acknowledges that the Constable's Office "appeared and filed a motion to dismiss."

- A party cannot appear and move to dismiss while also being treated as if not before the Court. This inconsistency prejudices Plaintiff.

C. Denial of Default Prejudices Plaintiff and Grants Defendants Favoritism

- Defendants themselves acknowledged Montgomery County's party status, yet the Court excuses their failure to timely plead while imposing burdens on Plaintiff.

- This constitutes judicial favoritism and creates an unequal litigation posture, violating *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980).

### D. County Liability Is Properly Alleged

- Montgomery County's policies and practices caused Plaintiff's ongoing harm. Liability attaches under *Monell* and *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986).

- The Court cannot collapse all claims into Deputy Shields individually, because official-capacity claims are, by law, against Montgomery County. *Graham*, 473 U.S. at 165.

## IV. RELIEF REQUESTED

For these reasons, Plaintiff respectfully requests that the Court:

1. Clarify that Montgomery County is a named and proper defendant;
2. Vacate or modify its October 1, 2025 Order denying default judgment
3. Enter default against Montgomery County, or in the alternative, compel immediate responsive pleading;
4. Apply discovery and procedural rules equally to all parties;
5. Grant all other relief to which Plaintiff is justly entitled.

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2025, a true and correct copy of the foregoing Objection and Reply was filed and served via the Court's CM/ECF system on all counsel of record, including:

Deborah Swan

Pro Se Plaintiff