IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

OCT 07 2025

Nathan Ochsner, Clerk of Court

DEBORAH SWAN,
*Plaintiff*,

v.

DEPUTY W. SHIELDS, Individually and in his Official Capacity, and
MONTGOMERY COUNTY, TEXAS,
*Defendants*.

Civil Action No. 4:25-cv-02799

PLAINTIFF'S RENEWED MOTION FOR ENTRY OF DEFAULT AND
DEFAULT JUDGMENT AGAINST MONTGOMERY COUNTY, TEXAS

I. INTRODUCTION

Plaintiff Deborah Swan respectfully renews her request for entry of default and default judgment against Defendant Montgomery County, Texas, pursuant to Federal Rule of Civil Procedure 55, on the basis that:

1. Montgomery County was expressly named as a Defendant in Plaintiff's pleadings and subsequent filings;

2. Counsel for Montgomery County, Attorney Daniel Plake, appeared in this case and represented both Defendants;

3. Counsel explicitly informed Plaintiff that service upon Montgomery County was unnecessary because he was appearing on its behalf;

4. Counsel later filed pleadings only for Deputy Shields, omitting the County but never denying representation; and

5. After Plaintiff filed a Notice of Clarification identifying Montgomery County as a Defendant, counsel did not object or challenge that filing — thereby acquiescing to its accuracy.

Under settled law, the County's appearance constitutes a waiver of service, and its failure to respond constitutes a default.

II. BACKGROUND AND PROCEDURAL HISTORY

1. Plaintiff filed her Complaint naming both Deputy W. Shields and Montgomery County, Texas as Defendants.

2. On June 16, 2025, (below is screen-shot of DKT 16) Attorney Daniel Plake, of the Montgomery County Attorney's Office, filed a Notice of Interested Parties, identifying himself as counsel for both Defendants.

> his official capacity, §
> Defendants. §
>
> DEFENDANTS' CERTIFICATE OF INTERESTED PARTIES
>
> TO THE HONORABLE JUDGE KEITH P. ELLISON:
>
> Defendants Deputy W. Shields, and Montgomery County (the "Montgomery County Defendants" or "MOCO") identify the following as interested parties:
>
> 1. Deborah Swan, Plaintiff
> 2. Deputy W. Shields, Defendant
> 3. Montgomery County, Defendant
> 4. Ritch Wheeler, County Commissioner, Montgomery County, Texas
> 5. Charlie Riley, County Commissioner, Montgomery County, Texas
> 6. Matthew Gray, County Commissioner, Montgomery County, Texas
> 7. Robert Walker, County Commissioner, Montgomery County, Texas
>
> Respectfully submitted,
>
> B. D. Griffin
> County Attorney, Montgomery County
> 501 N. Thompson St. Suite 300
> Conroe, TX 77301
> Phone: (936) 539-7828
> Facsimile: (936) 538-8079
>
> 1

3. Counsel informed Plaintiff by telephone that she "did not need to serve Montgomery County" because his office represented the County and would respond accordingly.

4. Despite that appearance, the record proves that counsel continues to file all his motions to dismiss/strike solely for Deputy Shields, omitting Montgomery County.

5. Plaintiff thereafter filed her Notice of Interested parties (See screenshot below of DKT 20)

> Case 4:25-cv-02799   Document 20   Filed on 07/28/25 in TXSD   Page 1 of 4
>
> United States Courts
> Southern District of Texas
> FILED
>
> JUL 28 2025
>
> Nathan Ochsner, Clerk of Court
>
> UNITED STATES DISTRICT COURT
> SOUTHERN DISTRICT OF TEXAS
> HOUSTON DIVISION
>
> DEBORAH SWAN,
> Plaintiff,
>
> v.
>
> DEPUTY W. SHIELDS, Individually and in His Official Capacity, and
> MONTGOMERY COUNTY, TEXAS,
> Defendants.
>
> CIVIL ACTION NO. 4:25-cv-02799

6. Plaintiff also filed an unopposed Clarification with the Court confirming that Montgomery County was named and remains a Defendant in this matter.

7. The County Attorney did not file any opposition, objection, or motion to strike Plaintiff's Clarification, along with numerous other objections and notices in the case docket and therefore is deemed to have accepted its accuracy.

8. To date, no Answer, Rule 12 Motion, or responsive pleading has been filed by or on behalf of Montgomery County, and no extension has been

requested.

III. ARGUMENT

A. Counsel's Appearance Waived Service of Process

Federal law is clear: when an attorney enters an appearance on behalf of a party, the requirement of formal service is waived.

> *Broadcast Music, Inc. v. M.T.S. Enters., Inc.*, 811 F.2d 278, 281 (5th Cir. 1987).
> ("A party's voluntary appearance before the court is equivalent to personal service.")

By identifying Montgomery County as a represented Defendant and instructing Plaintiff that service was unnecessary, defense counsel waived service and submitted the County to this Court's jurisdiction.

B. The County's Failure to Plead or Defend Requires Default

Under Fed. R. Civ. P. 55(a), the Clerk must enter default when a defendant "has failed to plead or otherwise defend."
Montgomery County's silence, despite counsel's appearance, constitutes such failure.

> *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999) ("Default is proper when a defendant, after notice and appearance, fails to answer or otherwise defend.")

> *Hempstead Cnty. & Nevada Cnty. Project, Inc. v. EPA*, 700 F.2d 459, 462 (8th Cir. 1983) (same).

C. The Notice of Clarification Further Confirms Defendant Status

Plaintiff filed a Notice of Clarification explicitly identifying Montgomery County as a Defendant.

No objection, denial, or counter-filing was made by defense counsel.
This silence operates as a judicial admission under Fifth Circuit authority that unchallenged representations in the record may be deemed conceded.

> *United States v. One 1978 Piper Navajo PA-31 Aircraft*, 748 F.2d 316, 319 (5th Cir. 1984) ("Failure to deny or controvert an allegation in a pleading may constitute admission.")
> *In re Arthur Andersen LLP*, 621 F.3d 278, 284 (5th Cir. 2010) ("Silence in the face of a required response may be treated as an admission.")

Thus, the County's counsel's inaction further confirms that Montgomery County remains an active, properly noticed Defendant.

D. The Court Should Take Judicial Notice of the Record

Under Fed. R. Evid. 201, the Court may take judicial notice of its own docket, including Plaintiff's filings and the County Attorney's representations.
These public filings establish that Montgomery County:

> Throughout the entire record is named as a separate Defendant,

> Is represented by counsel, and

> has not filed any responsive pleadings.

IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Direct the Clerk to enter Default against Montgomery County, Texas pursuant to Rule 55(a);

2. Upon entry of default, grant Default Judgment under Rule 55(b)(2);

3. Recognize that Montgomery County has waived service by appearance and by failing to respond or defend to all the case filings, and did not object to

Plaintiff's Clarification;

4. Take judicial notice of the Notice of Interested Parties and Notice of Clarification; and

5. Grant such other and further relief as justice requires.

Respectfully submitted,

/s/ Deborah Swan
Pro Se Plaintiff
Email: justiceguard@proton.me
Phone: 346-372-4344

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of October, 2025, a true and correct copy of **PLAINTIFF'S RENEWED MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST MONTGOMERY COUNTY, TEXAS** the foregoing was served upon all parties of record via electronic mail.

**Daniel Plake**
Assistant County Attorney
501 N. Thompson Street, Suite 100
Conroe, Texas 77301
Email: daniel.plake@mctx.org
**Attorney for Defendants**

Respectfully submitted,

/s/ Deborah Swan
**Deborah Swan, Pro Se**
1318 Chesterpoint Drive
Spring, Texas 77386
justiceguard@proton.me

1

---

[1] **ABA Model Rule 3.3, Candor Toward the Tribunal**
Attorneys have a duty not to knowingly make false statements or fail to correct false statements to the court. Misrepresenting the record or who is/was represented may violate this. (Model Rule 3.3, and state equivalents) American Bar Association+1

Court orders / ethics opinions emphasize that a lawyer may not allow courts to be misled by false statements of fact or law. See *Case 1:14-cv-00254* (Southern District of Texas, Order re: Candor to Tribunal) (Dallas-area) — where the court discussed that counsel has duty to avoid half-truths or statements calculated to mislead. static.texastribune.org