IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

OCT 31 2025

Nathan Ochsner, Clerk of Court

DEBORAH SWAN,
Plaintiff,

v.

DEPUTY W. SHIELDS, Individual ly and in his Official Capacity, and
MONTGOMERY COUNTY CONSTABLES PCT 3, TEXAS,
Defendants.

## PLAINTIFFS OBJECTION OF FALSE OR MISAPPLIED AUTHORITIES IN DEFENDANTS' MOTION TO DISMISS (DKT 67)

The entire record in this proceeding demonstrates that the Defendants' filings, prepared and submitted by Assistant County Attorney Daniel Plake, reflect a pattern of conduct that has become *business as usual* for Montgomery County's legal representatives: the systematic manipulation of case law, statutes, and procedural rules to mislead the Court and obstruct justice. Such deliberate distortion of controlling authority constitutes fraud upon the Court and an abuse of the judicial process. **This behavior is not acceptable and must not be ignored by this Court**

Plaintiff Deborah Swan submits this Objection to identify the specific case citations and statutory interpretations misstated in **Defendants' Motion to**

**Dismiss (Dkt 67)** filed by Assistant County Attorney **Daniel Plake**. Each entry below documents a false or misapplied legal authority and the controlling law that corrects it.

## Overall Pattern by County Attorney Daniel Plake in Dkt 67

1. **Revival of Abolished "Heightened Pleading"** relies on Fifth Circuit precedent explicitly overturned by the Supreme Court.

2. **Expansion of Qualified Immunity** to dismiss the entire complaint without analyzing constitutional injury or clearly established law.

3. **Misuse of State Tort Claims Act** to shield malicious acts outside scope of employment.

4. **Fabrication Immunity Claim** that conflicts with well-established First and Fourteenth Amendment precedent.

5. **Omission of Controlling Authorities** (*Johnson, Leatherman, Hope, Kinney*) that directly contradict his position.

| Section of Dkt 67 | Cited Authority / Misstatement | Why It Is False or Misapplied | Correct Law / Controlling Precedent |
|---|---|---|---|
| pp. 6–8 – "Standard of Review" | *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) – asserts plaintiff must plead "probability." | Misstates Rule 8: "Iqbal/Twombly" require only *plausibility*, not probability or heightened detail. | *Johnson v. City of Shelby*, 574 U.S. 10 (2014); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). |
| pp. 7–8 – "Qualified Immunity Standard" | *Jackson v. City of Beaumont*, 958 F.2d 616 (5th Cir. 1992) and pre-*Leatherman* precedent used for "heightened pleading." | The Supreme Court abolished heightened pleading for § 1983 actions. | *Leatherman v. Tarrant Cnty.*, 507 U.S. 163 (1993). |
| pp. 10–12 – "Issue 2: Constitutional Claims" | *Rich v. Palko*, 920 F.3d 288 (5th Cir. 2019); *Smith v. Patri*, 99 F. App'x 497 (5th Cir. 2004) – argues no right to an accurate police report. | Both cases concern clerical mistakes post-arrest, not deliberate fabrication of mental-health records. | *Paul v. Davis*, 424 U.S. 693 (1976); *Doe v. Heck*, 327 F.3d 492 (7th Cir. 2003); *Hope v. Pelzer*, 536 U.S. 730 (2002). |
| pp. 12–14 – "Issue 3: State Law Claims" | *Franka v. Velasquez*, 332 S.W.3d 367 (Tex. 2011); TEX. CIV. PRAC. & REM. CODE § 101.106(f) – treated as absolute bar to all torts. | § 101.106(f) applies only to acts within scope and does not extend to malicious or ultra vires conduct. | *Franka*, 332 S.W.3d 367 (limited scope); *City of Elsa v. Gonzalez*, 325 S.W.3d 622 (Tex. 2010). |
| p. 14 – "Issue 4: Police Report Claims" | *Frias v. Hernandez*, 2025 WL 1831589 (5th Cir. 2025) – cited for immunity even if officer falsifies records. | *Frias* concerns discretionary traffic-accident report entries, not intentional fabrication or retaliation under § 1983. | *Kinney v. Weaver*, 367 F.3d 337 (5th Cir. 2004); *Cunningham v. Castloo*, 983 F.3d 185 (5th Cir. 2020). |
| p. 14 – "Official Oppression Statute" | Tex. Penal Code § 39.03 argued to preclude civil relief. | While penal in nature, violations of § 39.03 may evidence constitutional abuse of authority actionable under § 1983. | *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Manuel v. City of Joliet*, 580 U.S. 357 (2017). |

## Pattern of Error

1. **Heightened Pleading Revival** – contradicts *Leatherman* and Rule 8.

2. **Fabrication Immunity** – contradicts *Hope*, *Paul*, and *Doe v. Heck*.

3. **Overbroad TTCA Application** – ignores ultra vires exception.

4. **Selective Omission** – fails to cite controlling Fifth Circuit retaliation cases (*Kinney*, *Cunningham*).

## Legal Significance

Because Dkt 67 contains systematic misstatements of law and factual scope, Plaintiff requests that the Court take judicial notice under Fed. R. Evid. 201(b) and consider sanctions or striking of the motion under Fed. R. Civ. P. 12(f) and 11(c)(3).

## Respectfully Submitted,

**/s/ Deborah Swan**
Deborah Swan, Pro Se Plaintiff
1318 Chesterpoint Drive    Spring, Texas 77386
justiceguard@proton.me    Tel (346) 372-4344

## CERTIFICATE OF SERVICE

I certify that on this 31st day of October, 2025, a true and correct copy of the foregoing **Objection of False or Misapplied Authorities in Dkt 67** was served on Defendants' counsel, Assistant County Attorney **Daniel Plake**, via email to daniel.plake@mctx.org and through the Court's CM/ECF system in accordance with the Federal Rules of Civil Procedure.

**/s/ Deborah Swan**
Deborah Swan – Pro Se Plaintiff