UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Deborah Swan, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.: 4:25-cv-2799 |
| | § | |
| Deputy W. Shields, individually and in his official capacity, | § | |
| | § | |
| *Defendants.* | § | |

DEFENDANTS' MOTION FOR SANCTIONS

TO THE HONORABLE KEITH P. ELLISON:

Defendants file this Motion for Sanctions in attempt to address Swan's repeated false statements likely caused by her reliance on A.I. generated briefing and her lack of understanding of basic legal principles.

<u>Swan's False Statements and Incorrect Pleadings</u>

Throughout this litigation, Swan has repeatedly made false statements directed at counsel. These include:

1. Swan sought Rule 11 sanctions against defense counsel for allegedly making "false and misleading assertions". *Doc. 36 pg. 1-2*. Swan alleged that Defendants relied on *United Sates v. Dutsch,* 357 F.Supp.2d 1074 (D. Minn. 2005) is a misapplication of case authority. *Doc. 36 pg. 8*. Swan further concludes that this amounts to "bad faith legal argumentation." *Id*. In this instance, it appears A.I. hallucinated the *United States v. Dutsch* case. Defense counsel cannot find this case in Westlaw by the citation, although there is an appeals case with the same name. Regardless of

whether the case is made up, the reference to its existence in Defendants' motion is made up – it is not there.

2. Swan attributed the quote "If…matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment." to *Scanlan v. Texas A&M Univ.,* 343 F.3d 533, 536 (5th Cir.2003) that does not exist in the case. *Doc. 41 at pg. 2.*

3. Swan represented that *Keene v. Prine,* 477 F.App'x 575 (11th Cir.2012) held "police cannot retaliate against speech by fabricating reasons to initiate welfare checks or arrests." *Doc. 41 pg. 7.* The case does not make this holding, it is about retaliation in an employment setting. In addition to the misrepresentation of the case's holding, Swan left out the pincite, did not note that the case was unpublished, and did not note that the case was abrogated.

4. Swan objected to Defendants' reliance on *Rolf v. City of San Antonio*, 77 F.3d 823 (5th Cir.1996), asserting that Rolf is a summary judgment case, not a 12(b)(6) case. *Doc. 43 at pg. 1.*[1] *Rolf* states "We review the district court's dismissal of a claim under Rule 12(b)(6) de novo…" *Rolf,* 77 F.3d at 827. It is clearly a 12(b)(6) case.

5. Swan relies on *Spencer v. Krause,* 862 F.3d 1178, 1189-90 (9th Cir.2017). *Doc. 47 at pg.* 3. This case does not appear to exist.

6. Swan cites *Salazar-Limon v. City of Houston,* 826 F.3d 272, 277-79 (5th Cir.2016) for the proposition that it "invalidated a seizure premised on a fabricated "mental-

---

[1] Swan has repeated this objection numerous times in multiple documents.

evaluation" code as arbitrary and violating substantive due process." *Doc. 47 at pg. 3*. No part of Swan's assertion is correct. The case is not about a mental evaluation (the words do not even appear in the case), the Court found that no Fourth Amendment rights were violated, and the case was about use of force.

7. Swan relies on *Johnson v. City of Shelby,* 574 U.S. 10 (2014) for the proposition that "Qualified immunity is premature on Rule 12(b)(6)." *Doc. 54 at pg. 2*. The case does not say this. The case does not even involve qualified immunity; it states "No 'qualified immunity analysis' is implicated here….". *Johnson,* 574 U.S. at 11.

8. In Swan's *Notice of Filing Petition for Writ of Mandamus*, she accuses defense counsel of fraud. Doc. 107. Swan basis on counsel's assertion in docket entry 90. *Doc. 107 at pg. 2*. Docket entry 90 is a Court Order, not a defense pleading. *Doc. 90*.

<u>Swan's Unnecessary Voluminous Pleadings</u>

Throughout this litigation, both Defendants and this Court have suffered through voluminous duplicative pleadings lacking any merit. These pleadings appear to be A.I. generated documents. For example, in response to *Defendants' Motion to Strike* Swan's *Second Amended Compliant (doc. 27)*, Swan filed her:

1. 26 page supplemental pleading *(doc. 29)*,
2. 10 page notice of filing transcript *(doc. 30)*,
3. 14 page notice of filing supplemental evidence *(doc. 31)*,
4. 10 page declaration *(doc. 32)*,

5. 25 page objection and response *(doc. 33)*,

6. 25 page objection and response *(doc. 34)*,

7. 7 page objection to misuse of the Health & Safety Code *(doc. 35)*,

8. 10 page objection to fraudulent exhibits *(doc. 36)*,

9. 5 page objection to Defendants' Monell argument *(doc. 38)*,

10. 4 page objection to Defendants' reliance on *Rolf v. City of San Antonio (doc. 39)*,

11. 6 page objection to Defendants' request for judicial notice and request for oral argument *(doc. 40)*,

12. 20 page objection and opposition to Defendants' motion to dismiss Swan's First Amended Complaint *(doc. 41)*,

13. 8 page objection to Defendants' misuse of the Texas Health & Safety Code *(doc. 42)*,

14. 4 page objection to Defendant's reliance of *Rolf v. City of San Antonio (doc. 43)*,

15. 5 page motion for leave to file her Second Amended Complaint *(doc. 45)*,

16. 6 page motion to defendants' motion to dismiss her amended complaints *(doc. 46)*,

17. 5 page motion to strike Defendants' false statements in their motion to dismiss *(doc. 47)*,

18. 4 page notice of filing consolidated index of objection, judicial notices, and supported filings opposing Defendants' motion to dismiss *(doc. 51)*,

19. 5 page global preservation of objections and requests for judicial notice *(doc. 52)*,

20. 5 page consolidated opposition, objections, and judicial notices to Defendants' Motion to Dismiss First Amended Complaint *(doc. 54)*,

21. 19 page affidavit *(doc. 55)*,

22. 3 page objection to Defendants' exhibits *(doc. 57)*,

23. 5 page consolidated opposition, objections, and judicial notices to Defendants' Motion to Dismiss First Amended Complaint *(doc. 58)*,

24. 8 page notice of fraud *(doc. 59)*,

25. 21 page affidavit *(doc. 60)*,

In short, in response to a single motion, Swan filed 25 documents totaling 260 pages; well exceeding this Court's 25-page limit.

After subjecting the Court and Defendants to her voluminous, duplicative, and mostly frivolous filings, Swan amended her complaint. *Doc. 61*.

Argument

Swan's actions take two basic forms: (1) her pleadings contain false information, and (2) her pleadings are voluminous and unnecessary. It is apparent to defense counsel that the root cause of these two issues are Swan's lack of understanding of legal proceedings and issues, and her use of A.I. generated documents that she neither understands nor verifies. Notably, Swan touted her litigation experience and her legal education and training. *Doc. 17 at pg. 2-3 (Swan describing her Court experience and her degree in paralegal studies)*.

Swan's conduct is sanctionable because her voluminous pleadings serve no purpose other than to harass and unnecessarily increase the cost of litigation. FED. R. CIV. PRO. 11(b)(1). Swan's citation to non-existent cases and attribution of language to cases where such language does not exists are not legal contentions warranted by existing law. FED. R. CIV. PRO. 11(b)(2). Swan's false factual allegations related to defense counsel have no evidentiary support. FED. R. CIV. PRO. 11(b)(3).

Swan's false statements go beyond mere disagreement or argument, as illustrated above she routinely makes false statements. Her voluminous pleadings go beyond what is necessary to preserve her arguments; they are repetitious, conclusory, and abusive. Swan's abusive pleadings lead to unnecessary attorney's fees for Defendants, and unnecessary waste of judicial resources.

Defendants believe that Court intervention is necessary to stop Swan's abuse.

## Requested Relief

This court may impose sanctions that deter repetition of the sanctionable conduct. FED. R. CIV. PRO. 11(c)(4). To that end, Defendants request the following:

1. Prohibit Swan from filing any document without first conferring with defense counsel. If defense counsel has no objection to the filing, Swan may file the pleading. If defense counsel believes the pleading is offensive in any way, including: repetitious, frivolous, or unnecessarily voluminous, Swan must file a one page motion for leave to file the document (12 font, double-spaced, 1 inch margins) succinctly stating the basis and purpose of the motion. Defendants may file a one

page response (12 font, double-spaced, 1 inch margins) succinctly stating why the motion is offensive.

2. Require Swan to comply with brief length in the aggregate, *i.e,* her total number of pages filed in response or support of anything must be less than 25 pages (unless other limits apply) without leave from the Court.

3. Require Swan to use pincites on all citations.

4. Require Swan to include a verification subjecting her to contempt for filing false information:

> I Deborah Swan hereby verify that I have read this document, I understand this document, and I have verified the accuracy of each and every case cited, the case exists, the case states what I allege it states. I also hereby verify that each reference I make to allegations of Defendants or its counsel are accurate and I have verified their accuracy in the document that I am referencing. I make this verification under penalty of perjury and direct contempt.

5. Admonish Swan for making false allegations of fraud and misstatements against defense counsel.

## PRAYER

The Defendants pray that this Court enter an appropriate sanction consistent with the above requested relief. The Defendants pray for all other relief to which they may be entitled.

Respectfully submitted,

BY: s/ Daniel Plake
Daniel Plake
Assistant County Attorney

                                                  Texas Bar No. 24062942  
                                                  Federal ID No. 918023  
                                                  Daniel.plake@mctx.org  
                                                  501 N. Thompson St. Suite 100  
                                                  Conroe, TX 77301  
                                                  Phone:      (936) 539-7828  
                                                  Facsimile:   (936) 538-8079  
                                                  ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF CONFERENCE

     I hereby certify that I conferred with Ms. Swan by email on 11/13/25 and 11/14/25, and by phone on 11/14/25. She opposes the relief sought in this motion.

                                                  s/ Daniel Plake

## CERTIFICATE OF SERVICE

     I hereby certify that on November 14, 2025 a true and correct copy of the foregoing instrument was forwarded *via* electronic delivery pursuant to the local rules or United States Mail pursuant to Federal Rule of Civil Procedure to the following:

Deborah Swan  
1318 Chesterpoint Drive  
Spring, Texas 77386  
justiceguard@proton.me  
swaninvestigations@gmail.com  
*Pro se plaintiff*

                                                s/ Daniel Plake_____