IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

DEBORAH SWAN,

Plaintiff,

v.

DEPUTY W. SHIELDS, individual and in his Official Capacity, and

MONTGOMERY COUNTY AND MONTGOMERY COUNTY CONSTABLES

PCT 3, TEXAS,

Defendants.

4:25cv2799

Civil Action No. 4:25-cv-0279

**PLAINTIFF'S OBJECTION AND OPPOSITION TO DEFENDANTS MOTION FOR SANCTION AND COUNTER-REQUEST FOR SANCTIONS AGAINST DEFENSE COUNSEL UNDER RULE 11(b)**

**I. INTRODUCTION**

Defendants' Motion for Sanctions (Dkt. 111) is based on:

1. demonstrably false assertions about Plaintiff's filings,
2. misquotations of Plaintiff's briefs and docket entries,

1

3. fabricated allegations of "A.I.–generated" pleadings,
4. deliberate mischaracterizations of Plaintiff's legal arguments, and
5. a request for unconstitutional restrictions on Plaintiff's right to file.

Defendants seek to prohibit a civil-rights plaintiff from filing any document unless the *opposing party approves it first*, a remedy that is **unknown in U.S. law**, unconstitutional, and has been repeatedly rejected by federal appellate courts. Instead of addressing the merits of Plaintiff's claims, Defendants resort to ad hominem attacks, manufactured grievances, and outright falsehoods.

## II. LEGAL STANDARD: SANCTIONS AGAINST PRO SE LITIGANTS ARE DISFAVORED

Federal courts consistently hold that Rule 11 sanctions against a pro se litigant are an extreme measure and strongly disfavored, and may only be imposed where:

1. the conduct is objectively unreasonable,
2. made in bad faith,
3. and not the product of misunderstanding or earnest advocacy.

Authority:

A. **De La Fuente v. FDIC**, 332 F.3d 1208, 1225 (9th Cir. 2003)
   Courts must "consider the special circumstances of pro se litigants when evaluating Rule 11 conduct."

B. **Maduakolam v. Columbia Univ.**, 866 F.2d 53, 56 (2d Cir. 1989)
   Sanctions inappropriate unless pro se litigant's conduct is "objectively unreasonable."

2

- C. **Gilley v. United States**, 649 F.2d 449, 454 (6th Cir. 1981)
   Sanctions cannot be used to chill legitimate litigation or silence a civil-rights plaintiff.

- D. **Haines v. Kerner**, 404 U.S. 519 (1972) Pro se pleadings must be liberally construed.

Defendants cite *no* case law authorizing sanctions in a context remotely similar to this one.

## III. PLAINTIFF'S PLEADINGS ARE PERMITTED AND NECESSARY TO PRESERVE OBJECTIONS

The Fifth Circuit explicitly allows multiple objections, judicial notices, and supplements, especially where (as here ) the opposing party:

- A. misrepresents evidence,
- B. introduces false factual statements,
- C. attaches fraudulent or misleading exhibits, AND
- D. repeatedly misstates controlling law.

**Controlling Authority**

- A. **United States v. Neal**, 578 F.3d 270, 273 (5th Cir. 2009)
   Litigants must be permitted to file objections to preserve error.

- B. **Rogers v. McDorman**, 521 F.3d 381, 385 (5th Cir. 2008)
   A party is entitled to object as needed to correct misrepresentations of evidence.

- C. **Chambers v. NASCO**, 501 U.S. 32, 44–46 (1991)**
   Parties may file objections to expose fraud on the court.

3

D. **Johnson v. City of Shelby**, 574 U.S. 10 (2014)**
   Technical or formatting issues cannot be used to dismiss or punish meritorious civil-rights claims.

Plaintiff's filings: Dkts. 29, 30, 31, 32, 33, 34, 35, 36, 38, 39, 40, 41, 42, 43, 45, 46, 47, 51, 52, 54, 55, 57, 58, 59, 60, were all submitted to:

   A. object to Defendants' repeated misstatements of law,
   B. oppose fraudulent exhibits,
   C. preserve constitutional arguments, and
   D. attempt to correct Defendants' inaccurate filings.

Far from "abusive," these filings were **required** to preserve legal rights.

## IV. DEFENDANTS' FIRST FALSE ALLEGATION: THE "DUTSCH" CASE

Plake claims:

> "In this instance, it appears A.I. hallucinated the United States v. Dutsch case." (Dkt. 111, p. 2)

This is *false*.
Plaintiff never claimed IN dkt 36 that Defendants cited the case.

**Dkt. 36, pp. 1–2** (as shown in your screenshots) contains:

- discussion of Defendants' false and misleading assertions,

- objection to fraudulent exhibits,

- objections to misstatement of federal law,

- constitutional analysis.

4

NOWHERE does Dkt. 36, p. 1–2 mention a nonexistent case.

Defendants' claim is fabricated.

**Misquoting a litigant to obtain sanctions violates Rule 11(b)**

Rule 11(b)(3) prohibits attorneys from making:

> "factual contentions lacking evidentiary support."

Plake's statement that Plaintiff "fabricated a case that does not exist" is:

- factually false,
- recklessly asserted,
- unsupported by the docket,
- a misrepresentation to the Court.

This is sanctionable misconduct.

## V. DEFENDANTS' SECOND FALSE ALLEGATION: "A.I. GENERATED" PLEADINGS

This accusation is:

A. wholly speculative;
B. unsupported by any evidence;
C. used to attack Plaintiff personally;
D. irrelevant to the Court's analysis.

**Courts reject similar baseless accusations**

A. **Brown v. City of Houston**, 297 F. Supp. 3d 748, 775 (S.D. Tex. 2017)**
   Courts condemn "unsupported accusations of misconduct" by attorneys.

B. **Roadway Express v. Piper**, 447 U.S. 752, 766 (1980)**
   Sanctions may not be based on speculation.

Plake's repeated personal attacks ("AI-generated," "lacking basic understanding," "appears AI hallucinated") violate **Rule 11(b)(1) and (b)(3)**.

## VI. DEFENDANTS' THIRD FALSE ALLEGATION: "VOLuminous, FRIVOLOUS FILINGS"

### A. Federal law protects your right to file necessary objections

The Supreme Court has held that *civil-rights plaintiffs must be allowed to develop the record and preserve objections*:

- A. **Crawford-El v. Britton**, 523 U.S. 574, 598 (1998)
  Courts cannot cut off filings needed to support constitutional claims.

- B. **Mitchell v. Forsyth**, 472 U.S. 511, 526 (1985)**
  Record development is essential when defendants raise immunity defenses.

### B. Page limits cannot be retroactively imposed

Defendants complain about "260 pages."

But:

1. No page limit existed for objections or judicial notices,

2. Plaintiff filed separate documents because Defendants filed separate misstatements,

3. Courts routinely accept larger filings when necessary to correct the record.

## VII. DEFENDANTS REQUEST ILLEGAL AND UNCONSTITUTIONAL RELIEF

Plake asks the Court to:

6

A. forbid Plaintiff from filing unless opposing counsel approves it;

B. impose 25-page aggregate caps;

C. require preclearance of filings;

D. impose contempt-based verification language.

**Courts have expressly rejected such restrictions as UNCONSTITUTIONAL:**

- **Procup v. Strickland**, 792 F.2d 1069, 1074 (11th Cir. 1986) (en banc)
  Courts may not require a litigant to obtain opposing counsel's permission to file.

- **Cotner v. Hopkins**, 795 F.2d 900, 902 (10th Cir. 1986)**
  Court cannot impose filing restrictions that effectively bar access to the courts.

- **In re Green**, 669 F.2d 779 (D.C. Cir. 1981)**
  Pre-filing review cannot be delegated to opposing counsel.

Plake's requested relief is unlawful on its face.

## VIII. COUNTER-REQUEST FOR SANCTIONS AGAINST DEFENSE COUNSEL

Under **Rule 11(b)**, an attorney must not:

A. make false factual representations,

B. misstate a party's filings,

C. accuse a litigant of fabricating cases without evidence,

D. intentionally distort docket entries,

7

E. submit motions for improper purposes,

F. make personal attacks unrelated to legal arguments.

**Plake violated Rule 11(b)(1)–(3) by:**

1. Claiming Plaintiff cited a nonexistent case in Dkt. 36 (false).

2. Misquoting Plaintiff's filings (false).

3. Accusing Plaintiff of "A.I. hallucinations" (unsupported).

4. Requesting unconstitutional and illegal filing restrictions (improper purpose).

5. Misrepresenting the content of multiple docket entries.

6. Using the motion as a weapon to silence a civil-rights plaintiff.

**Cases supporting sanctions against attorneys for false statements**

A. **Chambers v. NASCO**, 501 U.S. 32, 46 (1991)**
   Court may sanction attorney for bad-faith litigation tactics and misrepresentations.

B. **Adduci v. United States**, 149 F.R.D. 611, 617 (D. Kan. 1993)**
   False accusations in motions are sanctionable under Rule 11(b).

C. **Thomas v. Capital Sec. Servs., Inc., 836 F.2d 866 (5th Cir. 1988)**
   Attorneys must conduct a reasonable inquiry before accusing opposing party of misconduct.

**IX. PRAYER FOR RELIEF**

**Plaintiff respectfully requests:**

1. **DENY** Defendants' Motion for Sanctions in its entirety.

2. **GRANT sanctions against Defense Counsel Daniel Plake** under Rule 11(b)(1)-(3) for submitting false, unsupported, and misleading statements.

3. **Strike** all portions of Defendants' sanctions motion that misquote Plaintiff's filings.

4. **Issue a warning** to defense counsel for improper personal attacks.

5. **Award Plaintiff reasonable costs** incurred in responding to the improper motion.

6. **Order Defendants** to refrain from future mischaracterizations of Plaintiff's filings or qualifications.

7. **Permit Plaintiff to continue filing objections and notices** as allowed by law and required to preserve constitutional issues.

# CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of **November 2025**, a true and correct copy of the foregoing **Plaintiff's Opposition to Defendants' Motion for Sanctions and Counter-Request for Rule 11 Sanctions Against Defense Counsel** was filed through the Court's CM/ECF electronic filing system. Notice of this filing will be sent by operation of the Court's electronic filing system to all counsel of record, including:

**Daniel Plake**
Assistant County Attorney
Montgomery County Attorney's Office
501 North Thompson, Suite 300
Conroe, Texas 77301
Email: daniel.plake@mctx.org