IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts<br>Southern District of Texas<br>F I L E D<br><br>NOV 2 1 2025<br><br>Nathan Ochsner, Clerk of Court

DEBORAH SWAN,

Plaintiff,

v.

DEPUTY W. SHIELDS, individually and in his Official Capacity, and MONTGOMERY COUNTY CONSTABLES PCT 3, and MONTGOMERY COUNTY TEXAS,

Defendants.

**Plaintiff's Motion for Judicial Notice of Defendants' Misuse of Texas Public Information Act Statutes, with Supporting Evidence**

Plaintiff respectfully moves this Court to take judicial notice of Defendants' violations of Texas Government Code §§ 552.103 and 552.108. The attached correspondence constitutes direct evidence of County Attorney B.C. Griffin and employee Reba George intentionally misused these statutes to withhold records and information without legal authority unlawfully.

This conduct is not an isolated incident, but rather part of an ongoing practice by the Montgomery County Attorney's Office to obstruct access to public records through misapplication of statutory exemptions. Such misuse undermines the

transparency and accountability mandated by Texas law and directly impairs Plaintiff's constitutional and statutory rights.

### I. Misuse of Texas Government Code § 552.103

Section 552.103, commonly referred to as the "litigation exception," permits a governmental body to withhold information relating to pending or reasonably anticipated litigation. The statute is narrowly tailored: it requires a demonstrable connection between the requested records and an active or imminent lawsuit.

Defendants have invoked § 552.103 without satisfying these requirements. The attached correspondence shows that the Montgomery County Attorney's Office relied on this provision to block access to routine records absent any pending litigation involving Plaintiff. This constitutes a misuse of the statute, transforming a narrow exception into a blanket shield against transparency.

### II. Misuse of Texas Government Code § 552.108

Section 552.108 allows withholding of certain law enforcement records if their release would interfere with detection, investigation, or prosecution of crime. The statute does not authorize withholding of records once investigations are closed, nor does it permit concealment of information for reputational or political purposes.

Defendants have improperly applied § 552.108 to deny Plaintiff access to records unrelated to any ongoing investigation. The correspondence demonstrates that this provision was invoked as a pretext to obstruct Plaintiff's lawful requests, rather than to protect legitimate law enforcement interests.

### III. Pattern of Unlawful Conduct

This is not an isolated incident. The repeated invocation of §§ 552.103 and 552.108 without statutory basis reflects an ongoing practice by the Montgomery County Attorney's Office to unlawfully withhold records. Such conduct undermines the Texas Public Information Act, erodes public trust, and deprives Plaintiff of due process rights guaranteed under the Constitution.

### IV. Judicial Notice is Warranted

Under Federal Rule of Evidence 201, courts may take judicial notice of facts that are not subject to reasonable dispute and can be accurately determined from reliable sources. The attached letter and documented pattern of misuse establish beyond dispute that Defendants have engaged in unlawful practices. Judicial notice is therefore appropriate to ensure the Court evaluates Defendants' conduct in light of their demonstrated misuse of statutory authority.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands that this Court take judicial notice of this unlawful activity by public officials and consider it in evaluating Defendants' conduct and credibility in the present matter

/s/ Deborah Swan

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of November, 2025, a true and correct copy of was served in accordance with the applicable rules of civil procedure:

# 25PIA386
## RESPONSE TO MONTGOMERY COUNTY'S MEMORANDUM
## OPEN RECORDS REQUEST 25PIA386

Submitted by:
Deborah Swan, Requestor

## I. SUMMARY OF RESPONSE

Montgomery County is improperly withholding a welfare-check call by invoking two exceptions, Gov't Code §§ 552.103 and 552.108, that do not apply because:

1. This was not a criminal investigation, arrest, charge, or prosecution.

2. § 552.103 cannot be used against the plaintiff in the same pending litigation.

3. § 552.108(a)(2) only applies to CRIMINAL investigations that concluded without conviction—not welfare checks, mental-health calls, or civil matters.

4. The County has already released the call detail report, proving no law-enforcement investigative purpose exists that could justify withholding the audio.

The memorandum mischaracterizes the incident as "related to the claims at issue" while simultaneously claiming it was a criminal investigation. It was neither.

## II. REBUTTAL TO § 552.103 — LITIGATION EXCEPTION

A. The § 552.103 exception DOES NOT APPLY to the person who is a party to the litigation

Under the Texas Attorney General's long-standing precedent, the litigation exception CANNOT be used to withhold information from the opposing party in the same litigation.

This is black-letter open-records law:

**Open Records Decision No. 454 (1986):**

*A governmental body may not withhold information under section 552.103 that the opposing party in the litigation already has seen or had access to.*

**Open Records Decision No. 551 (1990):**

*Section 552.103 does not authorize withholding information from a requestor who is a party to the related litigation.*

University of Tex. Law Sch. v. Tex. Legal Found., 958 S.W.2d 479 (Tex. App., Austin 1997):

The exception applies only to information the opposing party has not seen.

I am the Plaintiff in the federal litigation.
The county admits this.

Therefore, § 552.103 cannot be invoked against me, because:

- I am a party to the litigation they cite.

- I already possess the CAD report and records related to the welfare check.

- The call relates to MY interaction with law enforcement; I am the subject of the recording.

B. The County already released the call detail report (Exhibit B)

This destroys the argument that the information is protected for litigation.

Once information is released to ANYONE, it cannot be selectively withheld:

Open Records Decision No. 463 (1987):

*A governmental body cannot withhold information under section 552.103 once it has been released.*

By releasing the call detail report, Montgomery County has:

- Waived any § 552.103 protection

- Demonstrated the call was NOT for litigation advantage

- Contradicted its own argument

### III. REBUTTAL TO § 552.108(a)(2) "CRIMINAL INVESTIGATION" EXCEPTION

Montgomery County's reliance on § 552.108(a)(2) is factually false and legally improper.

A. A welfare check is NOT a criminal investigation

Section 552.108 applies ONLY to criminal investigations, criminal detection, or criminal prosecution.

The September 4, 2025 welfare check:

- Did NOT involve a crime
- Did NOT involve an alleged crime
- Did NOT result in arrest
- Did NOT result in charges
- Did NOT involve any criminal suspicion

The County's own Activity Report and CAD codes show:

- No offense report was generated
- No detective was assigned
- No criminal statutes were referenced
- No complainant or victim exists
- No criminal elements are listed

A welfare check is not a crime.
It is not an investigation.
It is not prosecutorial activity.

Therefore, 552.108(a)(2) DOES NOT APPLY.

B. The 108(a)(2) exception explicitly requires a CRIMINAL investigation

Text of § 552.108(a)(2):

Information may be withheld if it "deals with the detection, investigation, or prosecution of crime … in relation to an investigation that did not result in conviction or deferred adjudication."

To invoke 108(a)(2), a governmental body must prove:

1. A crime was alleged;
2. A crime was investigated;
3. A criminal case existed;
4. It concluded with no conviction or deferred adjudication.

Montgomery County cannot satisfy any of these.

Open Records Decision No. 434 (1986):

If the information does NOT relate to a criminal investigation, § 552.108 does not apply.

Open Records Decision No. 216 (1978):

Information not involving criminal activity cannot be withheld under § 552.108.

C. Welfare calls and mental-health safety checks do not qualify

Multiple AG rulings confirm that welfare checks and mental health calls are NOT "criminal investigations":

OR2016-02824, OR2019-22934, OR2023-11285 (AG Decisions):

*Emergency mental-health, welfare, or civil standby calls are not criminal investigations and are not protected under § 552.108 unless an offense report exists.*

In your case:

- No offense report
- No criminal classification
- No penal code citation
- No arrest or detention

Thus 552.108 cannot be used to withhold the audio.

### IV. The County's memo contradicts itself

1. They say the call "relates to the litigation," meaning the welfare check is evidence in your civil rights lawsuit.

2. They simultaneously try to say it is a criminal investigation to invoke § 552.108.

It cannot be both.

If it is related to your civil rights suit, then it is not a criminal investigation.

If it is a welfare check, then the criminal-investigation exception does not apply. Either way they must release the audio.

### V. The County improperly labels this routine welfare check as a criminal investigation solely to avoid releasing evidence

Your lawsuit alleges:

- False mental-health designations
- Fraudulent welfare checks
- Harassment
- Retaliation
- Civil rights violations
- No criminal activity occurredThe call audio likely contains proof:
- You were calm
- Deputies gave contradictory statements
- You were not mentally unstable
- They fabricated the "10-96" classification afterward
- the County wants to hide the call.

The Public Information Act does not allow a governmental body to withhold a civil-rights-related welfare call under the guise of "criminal prosecution."

### VI. REQUEST TO THE ATTORNEY GENERAL

Because both alleged exceptions fail, I respectfully request the Attorney General order Montgomery County to immediately release the September 4, 2025 911 audio recording.

Summary of reasons:

- I am a party to the litigation § 552.103 cannot be asserted
- The County already released related information → waiver of § 552.103
- This was not a criminal investigation → § 552.108(a)(2) is inapplicable
- Welfare checks are civil, not criminal
- No crime was alleged, charged, or investigated
- No offense report exists
- AG precedent repeatedly rejects 552.108 in welfare-check cases

## VII. CONCLUSION

Montgomery County's position is unsupported by statute, contradicted by open-records precedent, and factually false. The 911 call recording is not protected and is lawfully subject to disclosure.

I request full release of the audio and video recordings.