IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

DEBORAH SWAN,

Plaintiff,

v.

DEPUTY W. SHIELDS, Individual and in his Official Capacity, and MONTGOMERY COUNTY AND MONTGOMERY COUNTY CONSTABLES PCT 3, TEXAS,

Defendants.

United States Courts
Southern District of Texas
**FILED**

NOV 21 2025

Nathan Ochsner, Clerk of Court

# IGNORED FILINGS AND MISREPRESENTATIONS DEMONSTRATING JUDICIAL ABDICATION

An extraordinary pattern of judicial disregard exists in this case. Petitioner repeatedly filed Judicial Notices, Objections, and Procedural Clarifications correcting material misstatements of law and fact made by Assistant County Attorney Daniel Plake. These filings addressed misapplied precedent, mischaracterized pleadings, and contradictions regarding party status and service.

**Not a single one** of these filings was ruled upon, acknowledged, or addressed by the district court.

The Fifth Circuit has repeatedly held that **judicial refusal to rule**, or failure to engage with properly presented issues, constitutes **judicial abdication** warranting mandamus. See *In re United States*, 397 F.3d 274, 282 (5th Cir. 2005) ("A district court's prolonged refusal to rule constitutes an abdication of judicial power."); *In re International Marine*, 33 F.4th 369 (5th Cir. 2022) (mandamus appropriate where a district court ignores filings and allows errors to compound). The pattern here is even more severe. Below is a summary, not a full summary of all the violations made by Dan Plake, but only a short example of the more recent violations. The record proves that each filing Defendant submitted, the Plaintiff filed objections that document the misconduct or legal error made by the Defendant, yet Judge Ellison so far has ignored these acts, therefore is complacent with this abuse and therefore must be held accountable.

# A. Dkt. 67-1 Judicial Notice Correcting Misapplication of *Franka v. Velasquez*

### Issue Raised by Plaintiff

Petitioner filed Dkt. 67-1 to correct defense counsel's false assertion that the Texas Tort Claims Act (TTCA) immunizes all tort claims.

2

Petitioner pointed out:

- *Franka* does **not** apply to **intentional torts**,

- TTCA § 101.057 **excludes intentional torts**, and

- Petitioner's claims (false statements, intentional profiling, deliberate misuse of mental-health codes) are intentional torts.

**Misrepresentation by Defense Counsel**

Attorney Plake misquoted *Franka*, falsely stating that all claims "automatically fall under TTCA immunity." He ignored § 101.057.

**Judicial Abdication**

The district court never acknowledged Dkt. 67-1 and dismissed claims **as if intentional torts were covered**, relying on a false legal standard.

Defense counsel misquoted *Franka v. Velasquez*, 332 S.W.3d 367 (Tex. 2011), falsely asserting that all claims 'automatically fall under TTCA immunity.' This ignores Tex. Civ. Prac. & Rem. Code § 101.057, which expressly excludes intentional torts and constitutional claims from TTCA coverage. Plaintiff preserved objections in Docs. 67, 84, 105, and 106. The district court nevertheless the judge has ignored this legal issue which constitutes clear legal error warranting mandamus relief."

3

# B. Dkt. 67-2 Judicial Notice Correcting Defendant's Misuse of *Colson* and *Thompson*

### Issue Raised by Plaintiff

Petitioner filed Dkt. 67-2 to correct Defendant's misuse of:

- *Colson v. Grohman*

- *Thompson v. Clark*

Petitioner clarified:

- First Amendment retaliation **does not** require arrest

- Thompson applies to **malicious prosecution**, which Petitioner never alleged

- The "10-96" mental-health designation is an **adverse action** sufficient to state a claim

### Misrepresentation by Defense Counsel

Attorney Dan Plake inserted allegations never made by Petitioner, including "false arrest," "malicious prosecution," and a Sheriff's Office defendant that does not exist in the Plaintiff's complaint.

4

**Judicial Abdication**

The district court never ruled on Dkt. 67-2.

# C. Dkt. 75 Plaintiff Objection Documenting Defendant's Mischaracterized Pleadings

## Issue Raised

Petitioner documented how the Defendant has:

- rewrote her complaint,

- attributed claims and parties the plaintiff has never alleged,

- falsely claimed the "10-96" code was a clerical error, and

- collapsed all defendants into one "entity."

**Misrepresentation by Defense Counsel**

Plake repeatedly inserted fabricated allegations and altered the structure of the case to conceal procedural defaults by Montgomery County and Constable Precinct 3.

**Judicial Abdication**

The district court ignored Dkt. 75 entirely and adopted defense counsel's distortions.

# D. Dkt. 78 – Judicial Notice Correcting Monell Standards

**Issue Raised**

Petitioner filed Dkt. 78 to correct Plake's and Defendant's false assertion that the Plaintiff alleged only "failure to train."

Petitioner detailed:

- unconstitutional custom and practice
- repeated misuse of mental-health flags
- dispatch irregularities
- Captain Atkins' admissions of lack of cybercrime training
- deliberate indifference

**Misrepresentation by Defense Counsel**

Defendant cited outdated or inapplicable Monell cases, claimed that Constable Offices "cannot be sued," and ignored entire sections of the Third Amended Complaint.

**Judicial Abdication**

6

The district court never acknowledged the filing, applied the wrong Monell standard, and has not corrected Plakes for stating claims that were not raised by the Plaintiff.

# E. Dkt. 84 Objection Regarding Party Status and Procedural Defects

### Issue Raised

Petitioner filed Dkt. 84 to correct the false assertion that Montgomery County "is not a defendant."

Petitioner showed:

- Plake waived service for all defendants;
- Plake filed Dkt. 16 listing all defendants;
- Montgomery County Attorney confirmed litigant status in correspondence;
- Dkt. 21 shows summons issued;
- Montgomery County and Precinct 3 never filed responsive pleadings.

### Misrepresentation by Defense Counsel

Plake contradicted his own filings to avoid Rule 55(a) default.

**Judicial Abdication**

The district court:

- ignored Dkt. 84,

- found Montgomery County "is not a party,"

- denied default (Dkt. 90) based on a false factual premise.

This is precisely the form of judicial reliance on false facts the Fifth Circuit condemned in *In re DePuy Orthopaedics*, 870 F.3d 345 (5th Cir. 2017)

## F. Summary Table of Ignored Filings

| Filing | Purpose | Misconduct Corrected | Court Action |
|---|---|---|---|
| **Dkt. 67-1** | Correct misuse of *Franka* | False TTCA immunity claim | Ignored |
| **Dkt. 67-2** | Correct misuse of *Colson*, *Thompson* | Fabricated "false arrest" reading | Ignored |
| **Dkt. 75** | Correct altered pleadings | Inserted allegations & wrong parties | Ignored |
| **Dkt. 78** | Correct Monell standards | Wrong doctrine, ignored custom/practice | Ignored |
| **Dkt. 84** | Correct party status, service, defaults | False denial of Montgomery County as a defendant | Ignored |

# CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of **November 2025,** a true and correct copy served by electronic filing system. Notice of this filing will be sent by operation of the Court's electronic filing system to all counsel of record, including:

**Daniel Plake**
Assistant County Attorney
Montgomery County Attorney's Office
501 North Thompson, Suite 300
Conroe, Texas 77301
Email: daniel.plake@mctx.org