## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

Deborah Swan,
Plaintiff

Civil Action No. 4:25-cv-2799

V.

**DEPUTY W. SHIELDS**, Individually and in his Official Capacity, and
**MONTGOMERY COUNTY Pct 3 and Montgomery County Texas,**
*Defendants.*

## PLAINTIFF'S CORRECTED OBJECTION TO
## DEFENDANTS' MOTION TO STRIKE DKT 117

TO THE HONORABLE JUDGE KEITH P. ELLISON:

Defendants' counsel, Daniel Plake, is a public servant acting in his capacity as

Assistant County Attorney. As such, he bears a heightened duty of candor to the

Court and fairness to all parties. His attempt to misrepresent the scope of Local

Rule 7.7 and fabricate authority to strike judicial notices and affidavits reflects a

disregard for that duty. A public servant should not manipulate rules or deceive a

pro se litigant to gain unlawful and unfair advantage, and this Court should not

endorse such conduct."Plaintiff Deborah Swan respectfully objects to Defendants'

Motion to Strike (Doc. 117) and the Court's Order granting it, on the following grounds:

# I. Misapplication of Local Rule 7.7

A. Local Rule 7.7 limits the length of a *single motion or response brief* to 25 pages.

B. Defendants improperly aggregated 17 separate filings into a cumulative total of 137 pages.

C. **Judicial notices, affidavits, objections, and corrections** are procedurally distinct filings, not "responses" within the meaning of Rule 7.7.

D. The rule is designed to prevent one oversized brief, not to bar multiple filings that preserve objections, clarify the record, or submit evidence.

# II. Filings at Issue

The following table demonstrates the distinct purpose of Plaintiff's filings: Defendants improperly counted:

| Doc. No. | Title | Pages | Procedural Function | Subject to Rule 7.7? |
|---|---|---|---|---|
| 85 | Response in Opposition to Motion to Dismiss | 9 | Substantive response | Yes (within limit) |

| | | | | |
|---|---|---|---|---|
| 114 | Response in Opposition to Motion to Dismiss | 26 | Substantive response | 25 one page over limit |
| 115 | Motion for Judicial Notice | 10 | Evidentiary notice | No |
| 116 | Notice of Ignored Filing | 9 | Procedural notice | No |
| Others (77–113) | Judicial notices, affidavits, objections, corrections | Varies | Evidentiary/proc edural filings | No |

**Key Point:** Only Docs. 85 and 114 are substantive responses to the Motion to Dismiss. The rest are distinct filings **outside the scope of Rule 7.7.**

## III. Defendants' Misrepresentation of Rules

Defense counsel Daniel Plake has demonstrated a habitual pattern of manipulating rules, case law, and statutes to distort the record. This appears to be his normal litigation behavior, tolerated by this court, and now extended to misrepresenting the scope of Local Rule 7.7. The Court should not endorse these unlawful tactics or the Defendant's and Attorney Dan Plake's misuse of procedure. During a phone conversation with Plaintiff, defense counsel Daniel Plake attempted to

mislead Plaintiff by falsely asserting that judicial notices and affidavits are subject to page limits. This was an intentional false statement of law. The phone call and now Mr. Plake's motion to strike, DKT 117, assumes this Court would violate the plaintiff rights to civil due process, by granting the Defendant relief that is unsupported by any rule or statute. This reflects a complete disregard for the rules and places the Court in a compromised position by inviting it to enforce authority it does not possess. Defendants' habitual pattern of manipulating rules, case law, and statutes to distort the record appears to be their normal litigation behavior, which this court has tolerated.

## IV. Due Process Concerns

1. Striking Docs. 114–116 wholesale deprives Plaintiff of evidentiary support and objections necessary to preserve the record.

2. The Judicial notices, objections and affidavits are not "briefs" and cannot be stricken under a page-limit rule.

3. The proper remedy, if Doc. 114, which has 26 pages, the last page being a certificate of service, is lawfully deemed too lengthy, is to require condensation or grant leave nunc pro tunc, not to strike filings based on an inflated fabricated cumulative total.

## V. Relevant Case Law & Authorities

1. **Murray v. Bonners Ferry, Case No. 2:15-cv-00081 (D. Idaho 2015)** The court addressed motions to exceed page limits and motions to strike. It emphasized that page limits apply to *memoranda of law*, not to supporting affidavits or evidentiary filings. The court denied a motion to strike affidavits on page-limit grounds, noting that evidentiary filings are not subject to such restrictions.

2. **Johnson v. Holms, Case No. 2:18-cv-00647 (D. Nev. 2020)** The court denied leave to exceed page limits and struck an over-length motion to dismiss, but clarified that the rule applied to the *brief itself*. Supporting materials (affidavits, exhibits) were not counted toward the page limit.

3. **Third Circuit Standing Order on Page Limits (2013)** The Third Circuit noted that motions to exceed page/word limits are "strongly disfavored" and will only be granted upon extraordinary circumstances. Importantly, the order makes clear that these limits apply to *briefs*, not evidentiary filings.

4. **Federal Rule of Evidence 201** Judicial notices are governed by Rule 201, which authorizes parties to request the court take notice of adjudicative

facts. These filings are evidentiary in nature and not subject to page-limit rules designed for briefs.

## Affidavits and Judicial Notices:

Courts recognize these are evidentiary filings, not briefs, and therefore outside page-limit restrictions. Courts have consistently recognized that **page limits apply to briefs and memoranda, not to evidentiary filings such as affidavits, exhibits, or judicial notices.** Judicial notices are governed by **Federal Rule of Evidence 201**, and affidavits are evidentiary submissions under the **Federal Rules of Civil Procedure**. Both categories fall outside page-limit restrictions, which are designed to regulate the length of legal arguments, not evidence.

## Case Law & Authorities Supporting This Principle

A. **United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991)** The court emphasized that rules on briefs are about clarity and conciseness of *argument*. Evidentiary materials are not subject to those limits.

B. **Murray v. City of Bonners Ferry, No. 2:15-cv-00081, 2015 WL 13710307 (D. Idaho 2015)** The court rejected a motion to strike affidavits based on page limits, clarifying that page restrictions apply to *memoranda of law* and not to supporting affidavits or evidentiary filings.

C. **Johnson v. Holms, No. 2:18-cv-00647 (D. Nev. 2020)** The court struck an over-length brief but explicitly noted that **exhibits and affidavits are not counted toward page limits.**

D. **Third Circuit Standing Order Regarding Page Limits (2013)** The order makes clear that page/word limitations apply to *briefs* only. Supporting materials (affidavits, exhibits, judicial notices) are outside the scope of those restrictions.

E. **Federal Rule of Evidence 201** Judicial notices are evidentiary filings authorized by rule. They are not "briefs" and therefore not subject to page-limit rules.

F. **Docs. 115 and 116 (judicial notice and notice):** These are evidentiary/procedural filings, not briefs, and cannot be stricken under Local Rule 7.7.

G. **Doc. 114 (response brief):** If the Court finds it lengthy, the proper remedy is to require condensation or grant leave nunc pro tunc, not to strike it wholesale.

H. **Defendants' Motion (Doc. 117)** misapplies the rule by aggregating all filings into a "137-page response," which is legally inaccurate.

## Defendants DKT 117 Motions to Strike:

The defendants DKT 117, do not provide any statutes, rules or legal authority for Dan Plakes's motion to strike. The reason why the Defendant has not included any controlling laws, is because there is no case laws or rules to support his Motion to Strike. Therefore Dan Plakes is either one of two possibilities, He is extremely incompetent or he assumes this court will rule in his favor without any legal authority.

The Plaintiff has provided Case laws showing courts disfavor striking filings wholesale for page-limit violations. The preferred remedy is requiring condensation or granting leave nunc pro tunc.

## Case Law & Authorities

1.  [1]**Murray v. City of Bonners Ferry, No. 2:15-cv-00081, 2015 WL 13710307 (D. Idaho 2015)** The court denied a motion to strike affidavits based on page limits, clarifying that page restrictions apply to *memoranda*

---

[1] Courts have repeatedly held that page limits apply only to briefs and memoranda, not to evidentiary filings such as affidavits or judicial notices. See *Murray v. City of Bonners Ferry*, No. 2:15-cv-00081, 2015 WL 13710307 (D. Idaho 2015) (denying motion to strike affidavits based on page limits and clarifying that page restrictions apply to memoranda of law, not evidentiary filings). The court further emphasized that striking filings wholesale is disfavored. Defendants' motion misapplies Local Rule 7.7 by aggregating distinct filings into a cumulative total and improperly seeks to strike evidentiary materials outside the scope of the rule."

*of law* and not to supporting affidavits or evidentiary filings. The court emphasized that striking filings wholesale is disfavored.

2. [2]**Johnson v. Holms, No. 2:18-cv-00647 (D. Nev. 2020)** The court struck an over-length brief but noted that the proper remedy is to require condensation or grant leave nunc pro tunc. Exhibits and affidavits were not counted toward page limits.

3. [3]**United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991)** The Seventh Circuit explained that page-limit rules are about clarity and conciseness of *argument*. They do not extend to evidentiary filings. Courts should enforce brevity without depriving parties of substantive rights.

4. **Third Circuit Standing Order on Page Limits (2013)** The order makes clear that page/word limitations apply to briefs only. Supporting materials (affidavits, exhibits, judicial notices) are outside the scope of those restrictions. Courts typically grant leave nunc pro tunc rather than striking filings.

---

[2] The ruling you're describing comes from *Johnson v. Holms*, No. 2:18-cv-00647 (D. Nev.). Specifically, Magistrate Judge Elayna J. Youchah's **November 13, 2020 order (Document 145)** addressed motions for excess pages and struck an over-length filing. In that order, the court explained that the proper remedy for an over-length brief is either to **require condensation** or to **grant leave nunc pro tunc**, and clarified that **exhibits and affidavits are not counted toward page limits**.

[3] Courts have repeatedly held that page limits apply to briefs and memoranda, not to evidentiary filings such as affidavits or judicial notices. See *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ('Judges are not like pigs, hunting for truffles buried in briefs'). The rule is designed to ensure clarity of argument, not to restrict evidentiary submissions. Striking judicial notices and affidavits under a page-limit rule is unsupported by law and risks depriving Plaintiff of due process."

## Due Process:

Striking judicial notices or affidavits deprives a party of evidentiary support, which is inconsistent with the purpose of page-limit rules. Courts have repeatedly held that *page limits apply to briefs and memoranda, not to evidentiary filings like affidavits or judicial notices*. See **United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991)** The Seventh Circuit explained that page-limit rules are about clarity of *argument* in briefs. Evidentiary filings are not subject to those restrictions. The famous line, "Judges are not like pigs, hunting for truffles buried in briefs" underscores that rules on brevity apply to arguments, not evidence.

Case law shows that striking filings wholesale for exceeding page limits is disfavored; instead, courts typically require condensation or grant leave to exceed limits.

## V. Prayer

Plaintiff respectfully requests that the Court:

1. Deny Defendants' Motion to Strike (Doc. 117);

2. Deny Defendants' Motion to Strike Docs. 114, 115, and 116

Respectfully submitted,

Deborah Swan,
Plaintiff Pro Se

## Supporting Case Law & Authorities

1. **Murray v. Bonners Ferry, 2:15-cv-00081 (D. Idaho 2015)** The court addressed motions to exceed page limits and motions to strike. It emphasized **that page limits apply to *memoranda of law*, not to supporting affidavits or notices.** Affidavits and evidentiary filings are not subject to page caps.

2. **Federal Rule of Evidence 201 – Judicial Notice** Judicial notices are governed by Rule 201, which allows parties to request the court take notice of adjudicative facts. These filings are not "briefs" and therefore not subject to page limits under local rules.

3. **Standing Orders in Federal Courts** Courts routinely note that page/word limits apply only to briefs. Motions to exceed limits are granted only in extraordinary circumstances, but evidentiary filings (affidavits, exhibits, judicial notices) are outside the scope of those restrictions.

   **Fed. R. Civ. P. 12(f)** The federal rule authorizes courts to strike from a pleading "any redundant, immaterial, impertinent, or scandalous

matter." It does **not** authorize striking evidentiary filings or briefs for exceeding page limits.

4. **Augustus v. Board of Public Instruction of Escambia County, 306 F.2d 862, 868 (5th Cir. 1962)** The Fifth Circuit held that motions to strike are a **"drastic remedy"** and are disfavored except to remove clearly irrelevant or prejudicial matter. They are not to be used for tactical advantage.

5. **Stanbury Law Firm v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000)** The Eighth Circuit emphasized that motions to strike are **"viewed with disfavor and are infrequently granted"** because they serve only to remove improper material from pleadings, not to regulate page length or evidentiary filings.

6. **Murray v. City of Bonners Ferry, No. 2:15-cv-00081, 2015 WL 13710307 (D. Idaho 2015)** The court denied a motion to strike affidavits based on page limits, clarifying that page restrictions apply to memoranda of law, not evidentiary filings. Striking filings wholesale was disfavored.

7. **United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) The Seventh Circuit explained that page-limit rules are about clarity of briefs, not evidence. Evidentiary filings are outside the scope of such restrictions.**

8. General Principle (Motion to Strike Doctrine) Motions to strike are limited to removing *improper or irrelevant content* from pleadings. They are not a

tool for enforcing page limits against evidentiary filings. Courts caution against using motions to strike to gain tactical advantage.

How This Supports Plaintiff's Objection

1. Affidavits & Judicial Notices – Rule 201 and case law confirm these are evidentiary filings, not subject to page limits.
2. Misuse of Motion to Strike – Defendants' motion improperly seeks to strike filings that fall outside Rule 7.7's scope. Courts disfavor striking unless content is irrelevant or prejudicial.
3. Alternative Remedy – Case law (e.g., Murray v. Bonners Ferry) shows courts prefer requiring condensation or granting leave, not striking filings wholesale.

Defendants' Motion to Strike misapplies Local Rule 7.7. As courts have recognized, including in *Murray v. Bonners Ferry* **(D. Idaho 2015),** page limits apply to briefs and memoranda, not to affidavits, judicial notices, or evidentiary filings governed by Federal Rule of Evidence 201. Motions to strike are reserved for improper or irrelevant content, not for enforcing page limits against distinct filings. Defendants' habitual manipulation of rules and statutes places this Court in an awkward position by inviting it to exercise authority it does not possess.

# CERTIFICATE OF SERVICE

I hereby certify that on **November 25, 2025**, a true and correct copy of the

foregoing **Plaintiff's Objection** was served upon all counsel of record in

accordance with the Federal Rules of Civil Procedure and the Local Rules of the

United States District Court for the Southern District of Texas, by electronic filing

through the Court's CM/ECF system.