# PLAINTIFF'S PRESERVATION OF ERROR

United States Courts
Southern District of Texas
FILED

NOV 2 5 2025

Nathan Ochsner, Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

DEBORAH SWAN,
 Plaintiff,


V.


DEPUTY W. SHIELDS, Individually and in his Official Capacity; and
MONTGOMERY COUNTY, TEXAS; and
MONTGOMERY COUNTY CONSTABLES PCT. 3,
Defendants.

Civil Action No. 4:25-cv-02799

## NOTICE OF PRESERVATION OF ERROR FOR
## APPEAL AND MANDAMUS

## I. INTRODUCTION AND PRESERVATION OF ERROR

Plaintiff Deborah Swan respectfully submits this Preservation of Error to ensure

that the appellate record clearly reflects each instance in which the Court has

disregarded controlling law, misapplied the Federal Rules of Civil Procedure,

misstated critical facts in the record, or failed to adjudicate the rights and

procedural posture of all named defendants. These errors materially affected

Plaintiff's ability to obtain mandatory entry of default under Rule 55(a), secure

rulings on dispositive motions, and receive a fair and complete adjudication of all

parties properly before the Court.

On **October 1, 2025**, the Court issued an Order stating that:

> "the only party who has been served in this case is Deputy Shields,"
> and therefore default could not enter against Montgomery County or
> the Montgomery County Constable's Office.

This conclusion directly contradicts (1) the docketed summons and filings,

including ECF No. 21 and executed Proofs of Service, (2) the conduct,

representations, and admissions of the Montgomery County Attorney's Office, and

(3) controlling Supreme Court and Fifth Circuit authority governing service,

waiver, general appearance, and default.

To preserve these issues for appellate review, Plaintiff details herein the procedural

errors, the ignored objections, the misapplications of the Federal Rules, and the

Court's failure to rule on properly filed motions. Each section identifies:

(1) the Court's action or omission;

(2) the legal error;

(3) controlling authority; and

(4) the docket materials disproving the Court's conclusions.

## II. PROOF THAT ALL DEFENDANTS WERE SERVED OR VOLUNTARILY ACCEPTED SERVICE

Contrary to the Court's determination that only Deputy Shields was served, the docket and the County's own admissions establish that **all defendants** were served or voluntarily accepted service, thereby triggering Rule 12 obligations.

### A. Summons Were Filed for *All Defendants* , ECF No. 21

On **August 19, 2025**, Plaintiff filed **Dkt. 21**, a "Motion Request for Issuance of Summons," attaching duly completed summons for:

- Montgomery County Constables Precinct 3;

The summons was placed in the record and available to all parties.

### B. Executed Returns of Service and Waiver of Service Objections

The docket reflects:

- **Dkt. 2** – USM-285 issuance;

- **Dkt. 6** – Return of Service for Deputy Shields, served July 1, 2025.

Montgomery County and the Constable's Office never filed a Rule 12(b)(4) or Rule 12(b)(5) motion contesting service. Under FRCP 12(h)(1), all objections to service are waived if not raised in the first responsive filing.

### C. Voluntary Acceptance of Service by the Montgomery County Attorney

A. Assistant County Attorney Daniel Plake informed Plaintiff that he:

B. represented all defendants,

C. "did not need the U.S. Marshals," and

D. accepted litigation papers directly.

Under Insurance Corp. of Ireland v. Compagnie des Bauxites, 456 U.S. 694 (1982), such conduct constitutes:

- voluntary acceptance of service; and

- a general appearance that waives all service objections.

## D. County Attorney's Official Admission: Litigation "Pending Against Montgomery County"

In filings to the Texas Attorney General's Open Records Division (regarding 25PIA386), the Montgomery County Attorney's Office expressly stated:

> "A lawsuit styled *Deborah Swan v. Deputy Walter Shields, et al.*, Civil Action No. 4:25-cv-2799, is currently pending against **Montgomery County**."

These are **binding judicial admissions** under:

- *City of New Orleans v. MAS*, 376 F.3d 501 (5th Cir. 2004);

- *White v. ARCO Polymers*, 720 F.2d 1391 (5th Cir. 1983).

Despite these admissions, the Court continued to treat the case as if only Shields had been served and only Shields was a defendant procedurally before it.

## III. DEFENSE COUNSEL APPEARED FOR ALL DEFENDANTS

Assistant County Attorney Plake repeatedly filed documents on behalf of:

"**Defendants**" (plural).

See, e.g., **Dkts. 7, 24, 48, 66, 76, 81, 88, 100, 111, 117.**

He **never** filed a limited appearance stating that he represented only Shields.

Under:

- *Gerber v. Riordan*, 649 F.3d 514 (5th Cir. 2011),

- *Pervasive Software v. Lexware*, 688 F.3d 214 (5th Cir. 2012),

- *In re Chinese Drywall*, 742 F.3d 576 (5th Cir. 2014),

such conduct constitutes a **general appearance** that:

1. waives service objections;

2. binds all represented defendants; and

3. places each defendant fully before the Court.

## IV. THE COURT'S MISSTATEMENT REGARDING SERVICE IS CONTRADICTED BY THE RECORD

In its October 1, 2025 Order, the Court stated:

"The only party who has been served is Deputy Shields."

This finding is contradicted by:

1. Summons filed at Dkt. 21;

2. Executed Proofs of Service;

3. Counsel's voluntary acceptance of service;

4. Counsel's repeated appearance for "Defendants";

5. The County Attorney's admission of pending litigation against Montgomery County;

6. Supreme Court and Fifth Circuit precedent on waiver, appearance, and default.

This factual misstatement materially affected Plaintiff's rights under Rule 55(a) and must be preserved for appellate review.

## V. IGNORED OBJECTIONS AND UNRULED MOTIONS

To preserve error for appellate review, Plaintiff identifies a series of objections, motions, judicial notices, and record-correction filings that the Court failed to address or resolve on the record. These filings directly concern (1) the identity and status of all defendants, (2) misuse of authority and outdated law by defense counsel, (3) the integrity of the record, and (4) defaults under Rule 55(a). Failure to rule on these submissions constitutes error affecting substantial rights.

A. Objections and Judicial Notices Regarding Misstatements, Misuse of Authority, and Outdated Law

Beginning in August 2025, Plaintiff repeatedly objected to Defendants' misuse of law, misstatements of fact, and reliance on outdated or overruled authority, including:

- Dkt. 36 – *Plaintiff's OBJECTIONS to Defendant's Fraudulent Exhibits* and misapplication of law attached to Defendants' Motion to Dismiss.

- Dkt. 35, 38, 39, 42, 43 – Objections and rebuttals to Defendants' misuse of Texas Health & Safety Code and reliance on obsolete Fifth Circuit authority (including Rolf v. City of San Antonio).

- Dkts. 63, 64 – *OBJECTION to Defendants' Qualified Immunity Reliance on Outdated Law* and *REQUEST for Judicial Notice of Defendants' Fraud on Court and Reliance on Outdated, Overturned, and Misrepresented Case Law.*

- Dkts. 72, 73, 74, 70, 77, 78, 80, 82, 99, 105, 106, 109, 115, 116, 118 – Multiple Judicial Notices, Motions for Judicial Notice, and Responses documenting misrepresentations, fabricated records, misuse of immunity doctrines, and fraud-on-the-court concerns.

None of these objections or judicial notices were expressly ruled upon. The Court denied motions to dismiss and default relief without addressing Plaintiff's specific objections to Defendants' misstatements and misuse of law, leaving uncorrected an extensive record of challenged factual and legal assertions.

## B. Motions for Default and Related Objections

Plaintiff repeatedly sought entry of default and default judgment against Montgomery County and the Montgomery County Constable's Office:

- Dkt. 87 – *MOTION for Entry of Default Judgment against Montgomery County Constable's Office, Montgomery County, Texas.*

- Dkt. 90 – Order denying Dkt. 87, without addressing the full service and appearance record or later-filed evidence.

- Dkts. 92, 93, 94, 95 – *OBJECTIONS* to the Court's default ruling and Defendants' misstatements regarding service and party status.

- Dkt. 96 – *RENEWED MOTION for Entry of Default and Default Judgment against Montgomery County, Texas.*

- Dkt. 98 – *PLAINTIFF'S SUPPLEMENTAL Argument in Support of Objection (Dkt. 95) and Renewed MOTION for Entry of Default.*

- Dkt. 101 – *OBJECTIONS and Response to Defendants' Response to Plaintiff's numerous filings*, including default motions.

- Dkt. 109 – Large *Judicial NOTICE* detailing fraud-on-the-court and record issues tied to service, party status, and default.

The Court later entered Dkt. 110, denying Plaintiff's Motion to Stay and "declin[ing] to reconsider its prior ruling on Plaintiff's Motion for Default Judgment," but did not specifically address the renewed and supplemental default motions (Dkts. 96, 98) or the detailed objections and judicial notices (Dkts. 92–95, 101, 109). As a result, the record reflects:

- multiple default-related filings,

- no direct ruling on Plaintiff's renewed and supplemental default motions, and

- no ruling on Plaintiff's detailed challenge to the Court's misstatement of service and party status.

## C. Motions for Protective Order and Related Objections

Plaintiff requested protection from ongoing retaliation and misuse of records:

- Dkt. 86 – *EMERGENCY MOTION for Protective Order and Memorandum of Law*.

- Dkt. 89 – Order denying Dkt. 86.

- Dkt. 91 – *MOTION for Protective Order and Cease-and-Desist Directive*.

- Dkt. 94 – *OBJECTIONS and REPLY* to Dkt. 88 (Defendants' Response to default and protective order issues) and orders at Dkts. 89–90.

While the Court denied the initial emergency motion (Dkt. 89), it did not specifically rule on Plaintiff's subsequent Motion for Protective Order (Dkt. 91) or her detailed objections in Dkt. 94 regarding continued harm, misuse of records, and retaliatory conduct. These filings remain unresolved on the docket.

## D. Record-Correction and Clarification Filings

Plaintiff also filed multiple pleadings specifically aimed at correcting and clarifying the record:

- Dkt. 13 – *NOTICE of Correction Due to Clerk's Omission of Pages 16–19* to a prior response.

- Dkt. 37 – *NOTICE of Preservation of Error for Appeal* and objection to denial of electronic filing access.

- Dkt. 51 – *NOTICE of Filing Consolidated Index of Objections, Judicial Notices and Supporting Filings*.

- Dkt. 56 – *Plaintiff's OBJECTIONS to Judge's Order* striking the Second Amended Complaint and motion for reconsideration.

- Dkt. 59 – *JUDICIAL NOTICE of Fraud-on-the-Court Audit Report.*

- Dkt. 60 – Second *AFFIDAVIT* of Deborah Swan supporting record-integrity issues.

- Dkt. 99 – *EXPLANATION of Record and Basis for Supplemental Filing.*

- Dkt. 102 – *NOTICE of Record Clarification re: Affidavits.*

- Dkt. 106 – *Pltf's Record Correction to Objection of False or Misapplied Deft's Response.*

- Dkt. 116 – *NOTICE of Ignored Filing and Misrepresentations Demonstrating Judicial Abdication.*

The Court issued no specific orders addressing these record-correction and preservation filings. This failure leaves multiple record-integrity issues unresolved and forces Plaintiff to preserve the problem for appeal.

## E. Sanctions Motions and Counter-Requests Left Unresolved

Defendants sought sanctions against Plaintiff, and Plaintiff responded with detailed objections and counter-requests:

- Dkt. 111 – *MOTION for Sanctions* by Deputy Shields and Montgomery County, with a Proposed Order (Dkt. 111-1).

- Dkts. 112, 113 – *Plaintiff's Objection and Opposition to Defendants' Motion for Sanctions and Counter-Request for Sanctions under Rule 11(b)*, plus *Plaintiff's Supplemental Objections and Response*.

No order appears on the docket addressing Plaintiff's counter-request for sanctions (Dkt. 112) or her supplemental objections (Dkt. 113). To the extent the Court implicitly credited Defendants' accusations while ignoring Plaintiff's detailed rebuttals, such selective treatment of sanctions issues is independently prejudicial and preserved for appeal.

## F. Prejudice From the Court's Failure to Rule

The Court's failure to adjudicate Plaintiff's objections, judicial notices, record corrections, and counter-sanctions:

- allowed Defendants' misstatements and misuse of law to remain uncorrected in the record;

- undermined Plaintiff's efforts to secure mandatory defaults;

- left key record-integrity and fraud-on-the-court allegations unresolved;

- permitted Defendants to mischaracterize party status and service without judicial clarification.

Under *United States v. Olano*, 507 U.S. 725, and Fifth Circuit precedent, these failures materially affect Plaintiff's substantial rights and are preserved for appellate review.

# VI. SUPREME COURT PRECEDENT: EACH DEFENDANT MUST STAND ON THEIR OWN DEFENSE

This case involves multiple defendants, Deputy Shields, Montgomery County, and the Montgomery County Constable's Pct 3Office, yet the Court repeatedly treated them as if they were a single entity, allowing one defendant's appearance or motion to erase the procedural defaults of others. This approach conflicts with Federal Rules of Civil Procedure 4, 10, 11, 12, and 55, and with binding Supreme Court authority.

## A. Service Triggers Individual Duties to Answer

In *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), the Supreme Court held that a defendant's duty to answer begins upon proper service of process. Service was effected and/or accepted for:

- Deputy Shields (Dkt. 6);

- Montgomery County;

- Montgomery County Constable's Office (summons at Dkt. 21 and subsequent service evidenced in the record and attorney conduct).

Once served, each defendant was obligated to file their own answer or Rule 12 motion. The rules do not permit one defendant's filing to silently substitute as an answer for another defendant.

## B. Appearance and Conduct Establish Party Status and Waive Service Objections

In *Insurance Corp. of Ireland v. Compagnie des Bauxites*, 456 U.S. 694 (1982), the Supreme Court held that a party's conduct, appearing, litigating, and accepting service, can waive objections to jurisdiction and service. Here:

- Assistant County Attorney Plake accepted service and told Plaintiff he represented "all defendants" and did not need U.S. Marshals.

- He filed multiple pleadings as "Attorney for Defendants" (see Dkts. 7, 24, 48, 66, 76, 81, 88, 100, 111, 117).

- The Montgomery County Attorney's Office admitted, in official correspondence to the Attorney General, that litigation in *Deborah Swan v. Deputy Shields, et al., No. 4:25-cv-2799* was "currently pending against Montgomery County."

Under Supreme Court and Fifth Circuit law, this conduct:

- confirms Montgomery County and the Constable's Office as defendants;

- waives any service challenges;

- obligates them to answer individually.

## C. Failure to Answer Leaves Each Non-Answering Defendant in Default

Under Rule 12(a) and *Murphy Bros.*, once service is complete and appearance is made, each defendant has an individual deadline to answer. Montgomery County and the Constable's Office:

- never filed an answer;

- never filed their own Rule 12 motion;

- never filed a limited appearance contesting jurisdiction or service.

Their status is therefore procedurally distinct from Shields. Shields defended; the others did not. Rule 55(a) required that the non-answering defendants be treated as in default.

### D. The Court Improperly Collapsed Distinct Defendants Into a Single "Defendant"

Despite:

- Plaintiff's Third Amended Complaint naming all defendants (Dkt. 61);

- summons being filed (Dkt. 21);

- multiple motions and judicial notices preserving the County and Constable's Office as parties (Dkts. 72–80, 77, 79, 84, 92, 95);

- and the County Attorney's own letters acknowledging litigation against Montgomery County;

The Court repeatedly described the case as if only Shields had been properly served and only Shields was in the case.

By allowing Shields' filings to function as a procedural shield for other defendants, the Court effectively treated multiple defendants as a single unit,

contrary to the Rules and Supreme Court precedent requiring that each defendant stand on their own defense and answer independently.

### E. Result: Shielding Defaulting Defendants From Rule 55(a)

The combined effect of these errors is that defaulting defendants were allowed to:

- avoid Rule 55(a) consequences;

- "hide" behind Shields' appearance;

- evade scrutiny despite clear admissions of party status and pending litigation.

This is the opposite of what Supreme Court precedent and the Federal Rules require and is now preserved for appellate correction.

## VII. LEGAL CONSEQUENCES OF THE COURT'S FAILURE TO RULE AND MISAPPLICATION OF THE RULES

The Court's misstatements about service, its failure to rule on critical motions, and its improper conflation of multiple defendants into a single "defendant" have concrete legal consequences that materially affect Plaintiff's rights and the integrity of the proceedings.

### A. Denial of Mandatory Default Relief

As set out in Sections IV and VI, Rule 55(a) made default mandatory once Montgomery County and the Constable's Office:

- were served or voluntarily accepted service,

- waived service objections, and

- failed to answer.

The Court's refusal to recognize their default:

- denies Plaintiff the procedural benefit of default;

- blocks entry of default judgment;

- undermines enforcement of clear deadlines set by Rule 12 and Rule 55.

## B. Structural Prejudice From Ignoring Objections and Judicial Notices

By ignoring or failing to rule on Plaintiff's numerous objections and judicial

notices (Dkts. 35–36, 38–43, 63–64, 72–80, 94–99, 102, 105–106, 109, 112–113,

115–116, 118), the Court permitted:

- uncorrected misstatements of law and fact by Defendants;

- continued reliance on outdated qualified immunity cases;

- inaccurate descriptions of party status and service;

- unresolved fraud-on-the-court allegations.

This created a skewed record where Defendants' filings appear uncontested,

despite detailed objections that were simply never ruled upon.

## C. Impairment of Appellate Review and Record Accuracy

Record-correction filings (Dkts. 13, 37, 51, 56, 59–60, 99, 102, 106, 109, 116)

were intended to ensure that the appellate record accurately reflected:

- all pages of briefs;

- all affidavits and exhibits;

- all judicial notices and objections;

- all evidence of service and default.

The Court's silence on these submissions leaves unresolved discrepancies in the

record and forces Plaintiff to file this Preservation to ensure the Court of Appeals

can see where the district court departed from controlling law and ignored material

submissions.

## D. Cumulative Effect: Denial of Due Process and Confidence in the Proceeding

**Considered cumulatively, these errors:**

- allowed the County and Constable's Office to avoid answering;

- insulated Defendants' misstatements from correction;

- deprived Plaintiff of procedurally mandated default;

- eroded the appearance of neutrality;

- and undermined Plaintiff's right to a fair and lawful proceeding.

Under *Peralta v. Heights Medical Center*, 485 U.S. 80 (1988), and due process principles, the denial of basic procedural protections—service recognition, the right to default, and a meaningful opportunity to be heard on objections—requires correction on appeal.

## IX. SUPREME COURT PRECEDENT: EACH DEFENDANT MUST STAND ON THEIR OWN

The Court improperly treated all defendants as a single unit, allowing Deputy Shields' filings to shield Montgomery County and the Constable's Office from the consequences of **never answering**.

This violates:

- *Murphy Bros. v. Michetti Pipe*, 526 U.S. 344 (1999);

- *Insurance Corp. of Ireland*;

- *Omni Capital*;

- *Gerber*;

- *Pervasive Software*.

Each defendant's obligations must be assessed **individually**, and non-answering defendants must be placed in **default** regardless of a co-defendant's filings.

- waiver of service objections;

- the existence of unanswered defaults;

- the Court's failure to rule on key motions.

## VIII. PRAYER FOR RELIEF

Plaintiff does not file this Preservation of Error merely as a formality, but to ensure that the record unmistakably reflects the specific rulings, omissions, and misapplications of law that have occurred in this case. Accordingly, Plaintiff respectfully prays that:

1. This Preservation of Error be accepted and docketed as part of the record in Civil Action No. 4:25-cv-2799;

2. The Court acknowledge on the record that:
   a. summons for all defendants were filed at Dkt. 21;
   b. service and/or voluntary acceptance of service occurred for Montgomery County and the Montgomery County Constable's Office;
   c. the Montgomery County Attorney's Office has represented, in official correspondence, that litigation in this case is "currently pending against Montgomery County";

3. The Court correct its prior misstatement that "only Deputy Shields was served" and clarify the party and service status of all defendants;

4. The Court formally rule on Plaintiff's outstanding motions, objections, and judicial notices, including but not limited to Dkts. 35–36, 38–43, 47, 52–54,

57–60, 63–64, 67, 72–80, 82–84, 92–96, 98–99, 101–102, 105–106, 109, 112–113, 115–116, and 118;

5.  In the alternative, if the Court declines to grant relief at this stage, that it at least explicitly acknowledge these preserved errors, so that the Fifth Circuit has a clear record of:

    o  the service status of all defendants;

    o  Defendants' waiver of service objections;

    o  the existence of mandatory defaults under Rule 55(a);

    o  and the Court's decision not to correct these issues;

6.  That all such relief as law and justice may require be granted, including any corrective orders necessary to restore compliance with the Federal Rules of Civil Procedure and binding Supreme Court and Fifth Circuit precedent.

---

# CERTIFICATE OF SERVICE

I certify that on this **25th day of November 2025,** a true and correct copy of the foregoing document was served on all parties of record in accordance with **Federal Rule of Civil Procedure 5(b)** via the Court's **CM/ECF electronic filing system,** which automatically sends notice to all registered counsel of record, including:

**Daniel Plake**
Assistant County Attorney
Montgomery County Attorney's Office
Texas Bar No. 24062942
501 North Thompson, Suite 300
Email: daniel.plake@mctx.org